United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL RODMAN,

    Plaintiff,

v.

SAFEWAY, INC.,

    Defendant.

No. C 11-03003 JSW

**ORDER DENYING MOTION TO DISMISS**

    Now before the Court is the motion to dismiss filed by defendant Safeway, Inc. ("Safeway"). The Court finds that this matter is appropriate for disposition without oral argument and is deemed submitted. *See* Civ. L.R. 7-19(b). Accordingly, the hearing set for November 4, 2011 is HEREBY VACATED. Having carefully reviewed the parties' papers and the relevant legal authority, the Court DENIES Safeway's motion to dismiss.

## BACKGROUND

    Plaintiff, Michael Rodman, brings this action on behalf of himself and all others similarly situated, against Safeway for breach of contract and violations of applicable consumer protection laws in connection with overcharges for groceries sold by Safeway through its website for home delivery.

    Plaintiff alleges that while clearly disclosing a home delivery fee to consumers, the contract all online purchasers must read and agree to, as well as the information provided online at Safeway.com, states that consumers will be charged the same prices for products purchased online as those charged in the local store where the groceries are selected on the date of

1  delivery.  Plaintiff alleges that Safeway secretly adds approximately ten percent to the in-store
2  price for most of the groceries it sells and delivers through its web-based service.  (First
3  Amended Complaint ("FAC") at ¶ 3.)
4      Plaintiff alleges causes of action for breach of contract, as well as for violations of the
5  California Consumer Legal Remedies Act, California Civil Code § 1750 *et al.* ("CLRA"), the
6  Unfair Competition Law, California Business and Corporations Code § 17200, *et seq.* ("UCL")
7  and the False Advertising Law, California Business and Professions Code § 17500, *et seq.*
8  ("FAL").  Safeway moves to dismiss all claims in the First Amended Complaint.
9      The Court shall address additional facts as necessary in the remainder of this Order.

## ANALYSIS

### A.  Legal Standard on Motion to Dismiss.

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted.  The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff."  *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).  Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).  If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile.  *See, e.g., Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir.

1990); *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss. Such consideration does not convert the motion to dismiss into a motion for summary judgment. *See United States v. Ritchie*, 343 F.3d 903, 908 (9th Cir. 2003); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).

**B.     Motion to Dismiss.**

Safeway moves to dismiss each of the claims. The Court shall address each in turn.

### 1.     Breach of Contract Claim.

Safeway moves to dismiss Plaintiff's breach of contract claim on the basis that Plaintiff fails to allege that Safeway provided an affirmative statement in the terms of the online contract promising price parity between goods ordered online and goods offered in the local stores. Safeway contends that Plaintiff fails to state a claim for breach of contract where no promise of price parity was made. *See Charpentier v. Los Angeles Rams Football Co.*, 75 Cal. App. 4th 301, 308 (1999) (holding that plaintiff had failed to plead breach of contract where alleged promise was never actually made).

The interpretation of contracts under California law "involves a complex interplay of questions of fact and questions of law." *City of Santa Clara v. Watkins*, 984 F.2d 1008, 1012 (9th Cir. 1993). Under California law,

> the determination of whether a written contract is ambiguous is a question of law that must be decided by the court. Even if the written agreement is clear and unambiguous on its face, the trial judge must receive relevant extrinsic evidence that can prove a meaning to which the language of the contract is "reasonably susceptible." If the court finds after considering this preliminary evidence that the language of the contract is not reasonably susceptible of interpretation and is unambiguous, extrinsic evidence cannot be receives for the purpose of varying the terms of the contract. The case may then be disposed of by summary judgment because interpretation of the unambiguous contract is solely a question of law.

3

*Brobeck, Phleger & Harrison v. Telex Corp.*, 602 F.2d 866, 871-72 (9th Cir. 1979) (citations omitted). When a dispute arises over the meaning of contract language, the court must decide whether the language is "reasonably susceptible" to more than one reasonable interpretation and then must construe the language of the contract to give effect to the mutual intention of the parties. *See People v. R.J. Reynolds Tobacco Co.*, 107 Cal. App. 4th 516, 524-25 (2003).

It is clear from the record that the operative agreement at issue are the online registration terms (called "Special Terms") which explicitly state multiple times that they provide the sole terms of the agreement between the online customer and Safeway regarding all online purchases. (*See* Declaration of Timothy N. ("Mathews Decl."), Ex. A at 'Customer Agreement,' ¶¶ 18, 19.)

With regard to product pricing, the Special Terms provide:

> The prices quoted on our web site at the time of your order are estimated prices only. You will be charged the prices quoted for Products you have selected for purchase at the time your order is processed at checkout. The actual order value cannot be determined until the day of delivery because the prices quoted on the Web site are likely to vary either above or below the prices in the store on the date your order is filled and delivered.

(*Id.* at ¶ 3.)

Plaintiffs urge the Court to interpret this language to indicate that the online shopper will receive the products ordered online at the same price as that charged in the store at the time of delivery, as opposed to time of order. (FAC at ¶ 51 ("Safeway breached and continues to breach the contract by charging inflated prices for groceries beyond what is permitted under the express contract.").) Defendant contends that the language provides no affirmative statement of price parity between the prices for goods purchased online and those offered in particular stores. (Motion at 8.)

Although the Court finds that Plaintiff's interpretation of the contract is more likely the accurate construction which gives meaning to the intention of the parties at the time of contracting, at a minimum at this procedural stage, the Court finds that the language regarding prices in the contract is reasonably susceptible to both parties' interpretations. Accordingly, the Court "must receive relevant extrinsic evidence that can prove a meaning to which the language of the contract." *See Brobeck, Phleger & Harrison*, 602 F.2d at 871. The relevant extrinsic

1 evidence pertinent to the online contract for purchase of grocery product is the located at the

2 Frequently Asked Questions ("FAQ") section of the online ordering system.  The FAQ

3 available at the time of Plaintiff's purchase provided that

> Depending on the delivery date you select, prices could vary from the time you place the order and the time your order is delivered, due to sake changes.  You will be charged the prices charged in the store on the day your order is picked and delivered.

(Mathews Decl, Ex. B.)[1]  Thus, in an effort to provide clarifying information regarding the prices charged online, Defendant clearly stated that there was price parity between the online purchases and the prices charged at the store.[2]

Because Plaintiff adequately alleges the existence of a contract, which both parties construe to be binding, and which is susceptible to Plaintiff's reasonable construction.  Accordingly, the Court DENIES Defendant's motion to dismiss the breach of contract claim.

### 2. Claims Under Consumer Protection Laws.

Defendants move to dismiss the three remaining causes of action for violations of the False Advertising Law ("FAL"), the Unfair Competition Law ("UCL"), and California's Consumer Legal Remedies Act ("CLRA") based upon the absence of an alleged misrepresentation or omission in the contract language and the associated FAQs as well as the absence of resulting reliance upon such misrepresentations and injury sustained as a result.

To the extent the price terms in the parties' contract is reasonably susceptible to more than Plaintiff's construction, the alleged statements in both the contract and the FAQs could mislead a reasonable consumer into believing that there was price parity between the store and the online service for products.  Price differentials are material.  *See Tietsworth v. Sears, Roebuck and Co.*, 720 F. Supp. 2d 1123, 1138 (N.D. Cal. 2010).  The allegations in the complaint are clearly sufficient to withstand either an alleged misrepresentation or omission

---

[1] Safeway's submission of other FAQs not referenced in the complaint is both irrelevant and misleading.  (*See* Declaration of Elizabeth S. Berman, Ex. C.)

[2] To the extent Defendant now contends there is some ambiguity in the definition of the term "store" in this context, that is not the proper subject of a motion to dismiss.  The Court is not persuaded by Safeway's interpretations.

5

claim based on the allegations that Safeway misled or failed to disclose material information in their representations about the online purchasing process.

Safeway also contends that Plaintiff does not adequately allege reliance. First, having found that Plaintiff has adequately alleged materiality, the inference of common reliance arises. *See Massachusetts Mutual Life Ins. Co. v. Superior Court*, 97 Cal. App. 4th 1282, 1293-94 (2002) ("if Mass Mutual's undisclosed assessment of the discretionary funds was material, an inference of reliance as to the entire class would arise.") Second, the complaint specifically alleges that Plaintiff read the price terms as set out in the Special Terms. (*See* FAC at ¶¶ 15, 28.) In order for the online purchaser to register and complete any online purchase, the contract specifically provides that the consumer consents to the Special Terms and "[b]y completing the on-line registration, [all online consumers] have read, understood and agree to these Terms and Conditions." (Mathews Decl., Ex. A at 'Customer Agreement.') In the amended complaint, Plaintiff alleges that "Plaintiff and the members of the Class reasonably relied on Safeway's representations regarding the amount they would be charged for groceries." (FAC at ¶ 57.) Considering the explicit allegations of reliance and the record which provides that any online consumer agree to the terms this Court has found, at a minimum, to be ambiguous, the Court remains unpersuaded by Safeway's contention that Plaintiff fails adequately to allege reliance.

Lastly, Safeway appears to suggest that Plaintiff and the class he seeks to represent may not have sustained injury. This is similarly unpersuasive. The injury alleged is the price differential between the online or in-store purchases, an alleged mark-up of 10%, which, as alleged, online consumers did not agree to pay. The contention that Plaintiff must allege that he could have purchased the same groceries elsewhere for a reduced price is misguided.[3]

Accordingly, the Court DENIES Safeway's motion to dismiss the consumer protection claims.

///

///

---

[3] In addition, to the extent Safeway argues that Plaintiff may not proceed as a putative class action, such arguments are premature and are denied without prejudice.

**CONCLUSION**

For the foregoing reasons, Safeway's motion to dismiss is DENIED. The case management conference is set for January 6, 2012 at 1:30 p.m. All case management deadlines flow from the date of that conference.[4]

**IT IS SO ORDERED.**

Dated: November 1, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[4] The Court notes a joint letter filed in this action regarding the case management deadlines and addressed to Magistrate Judge Maria-Elena James. (*See* Docket No. 37.) This matter was transferred from Judge James to the undersigned upon Safeway's declination to proceed before a Magistrate, but there has been no further referral to Judge James for purposes of discovery, or otherwise. Accordingly, the letter is addressed by the undersigned.