1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10  MICHAEL RODMAN, On Behalf of Himself and All Others Similarly Situated, | CASE NO.: 3:11-cv-03003 JST (JCS) |
| 11 | **<u>CLASS ACTION</u>** |
| 12              Plaintiff, | |
| 13       v. | **[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** |
| 14 | |
| 15  SAFEWAY, INC., | Hearing Date:  December 5, 2013<br>Time:          2:00 p.m.<br>Courtroom:     9 – 19th Floor<br>Judge:         Hon. Jon S. Tigar<br>Trial Date: |
| 16 | |
| 17              Defendant. | |
| 18 | Complaint Filed: June 17, 2011 |

19
20    On December 5, 2013 at 2:00 p.m., in Courtroom 9 of the United States
21 District Court for the Northern District of California, the Court heard and
22 considered Plaintiff's motion for an order certifying a plaintiff class.

   The Court, having considered the papers and all admissible evidence
23
submitted by both parties, finds that certification of the class as defined above is
24
proper as Plaintiffs have established, based on the record before the Court, that all
25
of the elements for class certification are met under Federal Rules of Civil
26
Procedure 23(a) and 23(b)(1), (b)(2) and (b)(3).
27
28

-1-

[PROPOSED] ORDER GRANTING PLTF'S
MOTION FOR CLASS CERTIFICATION

NOW, therefore it is ORDERD AND ADJUDGED:

1. Plaintiff's Motion for Class Certification is hereby GRANTED.

2. The following class is hereby certified pursuant to Rule 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure:

> All persons in the United States who signed up to purchase groceries from Safeway.com and made on or more purchases from April 12, 2010 to the present (the "Class").
> Excluded from the Class are Defendant, as well as all employees of the judges assigned to this action in this Court, their spouses and any minor children living in their households, and other persons within a third degree relationship to any such federal judge; and finally, the entire jury venire called to for jury service in relation to this lawsuit. Also excluded from the Class are any attorneys or other employees of any law firms hired, retained and/or appointed by or on behalf of the named Plaintiffs to represent the named Plaintiffs and/or any proposed Class members or proposed class in this lawsuit.

3. The Court also appoints Plaintiff Michael Rodman as class representative. Pursuant to Fed. R. Civ. P. 23(g) the Court appoints the law firms of Shepherd, Finkelman, Miller & Shah, LLP and Chimicles & Tikellis, LLP as counsel for the Class.

4. This Court bases this certification and appointment order on the following findings, all of which are amply supported by Plaintiff's well-pled allegations and the evidence before the Court, including but not limited to the Defendant's documents and the expert testimony:

    (a) **Numerosity**. Plaintiffs have demonstrated that the "class is so numerous that joinder of all members is impracticable" within the meaning of Rule 23(a)(1).

    (b) **Commonality**. Rule 23(a)(2) requires that there be "questions of law of fact common to the class." Plaintiff has satisfied the commonality requirement here by identifying, the following common questions of law and fact:

    (i) Did Safeway's Terms and Conditions promise Plaintiff and the Class members parity between "online" and "in store" prices;

    (ii) Did Safeway breach its price parity promise by overcharging Plaintiff and Class members for groceries;

    (iii) Were Safeway's price parity representations false and likely to deceive the reasonable consumer;

    (iv) Did all Class members experience the same Special Terms and online marketing and advertising;

    (v) Did Safeway breach its contract to Plaintiff and the Class when it stated the Safeway.com grocery delivery service charge "the prices in the store on the date your order if filled and delivered;" and

    (vi) Would the reasonable person believe the misrepresentation that the Safeway.com grocery delivery service would charge "the prices in the store on the date your order if filled and delivered."

  (c) **Typicality**.  Pursuant to Rule 23(a)(3), Plaintiff must also show that the "claims or defenses of the representative parties are typical of the claims or defenses of the class."  The same common questions identified above also serve to satisfy Plaintiff's burden on typicality.  The Court accordingly finds that typicality is met here because Plaintiff and Class members seek the same remedies for similar harms under the same legal theories.

  (d) **Adequacy**.  Pursuant to Rule 23(a)(4), the Court finds that the "representative parties will fairly and adequately protect the interests of the Class."  The interests of the Plaintiff are fully-aligned with those of the Class, and his chosen counsel are fully capable of effectively prosecuting this litigation.

 5. The court further finds that certification is proper under Rule 23(b)(3).  The common questions identified above predominate over any individualized issues concerning the allocation of damages.  Further, a class action is superior to a series of potentially thousands of individual suits.  Even if it was feasible for individual

Class members to bring suit it would be inefficient to re-litigate the numerous common questions in case after case. Moreover, the Court is unaware of any other litigation concerning the controversy at issue herein, and the Court foresees no manageability problems that would militate against class certification.

6. The parties are ordered to meet and confer over a class notice program and to submit either a stipulation for approval by the Court or a motion raisi8ng any disputed issues relative to that program by no later than December __, 2013.

IT IS SO ORDERED.

DATED: _    ___, 2013

                                    _____
                                    HONORABLE JON S. TIGAR
                                    United States District Court Judge