James C. Shah (SBN 260435)
Scott R. Shepherd
SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
401 West A Street, Suite 2350
San Diego, CA 92101
Telephone: (619) 235-2416
Facsimile: (619) 235-7334
jshah@sfmslaw.com
sshepherd@sfmslaw.com

CHIMICLES & TIKELLIS LLP
Steven A. Schwartz
Timothy N. Mathews
361 W. Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500

*Attorneys for Plaintiff and on Behalf*
*of All Others Similarly Situated*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RODMAN, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> SAFEWAY, INC., <br><br> Defendant | Case No.: 3:11-cv-03003 JST (JCS) <br><br> **PLAINTIFF'S ADMINISTRATIVE MOTION REGARDING SEALING OF DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5** <br><br> Trial Date: None Set <br> Judge: Hon. Jon S. Tigar <br><br> Complaint filed: June 17, 2011 |

H0029480.

PLAINTIFF'S ADMINISTRATIVE
MOTION REGARDING SEALING OF
DOCUMENTS PURSUANT TO CIVIL
LOCAL RULES 7-11 AND 79-5
3:11-cv-03003 JST (JCS)

1

Pursuant to the Court's October 4, 2013, Order Denying Administrative Motion to Seal ("Order") (Dkt. No. 118), Plaintiff Michael Rodman hereby submits this Administrative Motion Pursuant to Civil Local Rules 7-11 and 79-5, the Court's Standing Order Governing Administrative Motions to File Under Seal, and the Stipulated Protective Order ("Protective Order") entered by the Court on August 6, 2012.

Plaintiff further notifies the Court that, pursuant to the Court's Order, he has re-lodged, conditionally under seal, Plaintiff's Notice Of And Motion For Class Certification, the accompanying Memorandum Of Points And Authorities, the Declaration of Timothy N. Mathews, and certain exhibits thereto, as documents referencing information designated by Safeway as Confidential, pending the filing of a motion and declaration by Safeway.[1]

As an initial matter, Plaintiff states that no person or entity other than Safeway has designated any documents sought to be sealed as confidential.[2] Plaintiff states that he has reviewed and complied with the Court's Standing Order Governing Administrative Motions to File Under Seal and Civil Local Rule 79-5.

The Court's Order encouraged the parties to stipulate as to a narrowly tailored sealing order, if possible. The parties have reached agreement as to sealing some, but not all, of the portions of the Memorandum and accompanying Exhibits.

To facilitate the Court's review, in addition to setting forth the relevant statements, documents, and portions of documents on which the parties agree and disagree in table form

---

[1] Plaintiff has also re-filed non-confidential exhibits for the convenience of the Court.

[2] The Declaration of Brian Blackman filed by Safeway in support of the prior administrative motion to seal indicated that Safeway did not assert confidentiality as to certain statements that had been redacted from Plaintiff's Memorandum in support of his Motion for Class Certification. *See* Dkt. No. 116, at ¶ 10. Based on paragraph 10 of Mr. Blackman's Declaration, the Court believed that some other party must have designated those statements confidential. *See* Order. In fact, Plaintiff redacted those statements because they were derived from documents that had been marked "Highly Confidential" by Safeway. Upon review of Plaintiff's memorandum, however, Safeway determined that the statements themselves were not confidential, even though Safeway continues to assert Confidentiality as to all or portions of the underlying documents.

H0029480.

PLAINTIFF'S ADMINISTRATIVE MOTION REGARDING SEALING OF DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5
3:11-cv-03003 JST (JCS)

2

below, the copies of Plaintiff's Motion, Memorandum, and Exhibits filed contemporaneously herewith are redacted (for public versions) or highlighted (for non-public versions) in two colors:

(1) **Yellow** highlighting indicates those portions of documents which Safeway contends should be filed under seal, and which Plaintiff stipulates can be filed under seal; and

(2) **Pink** highlighting indicates those portions of documents which Safeway contends should be filed under seal, but which Plaintiff does not stipulate are entitled to confidential treatment.

All highlighted portions (regardless of color) have been redacted from publicly filed versions.

Pursuant to Civil Local Rule 79-5(d), Safeway will file a motion to seal and a declaration explaining why it believes the designated information is, in fact, confidential and sealable. In the event that Safeway fails to file a responsive declaration and motion as required within four (4) days after the conditionally sealed document is lodged with the Court, pursuant to Civil Local Rule 79-5(d), documents should be unsealed, filed, and made part of the public record.

This application is also based on the material set forth in the Declaration of Timothy N. Mathews Regarding Plaintiff's Administrative Motion To Seal Documents Pursuant To Civil Local Rules 7-11 and 79-5 filed concurrently herewith.

The documents and portions of documents which the parties agree may be sealed (which are highlighted in yellow in the sealed and chambers copies) are as follows:

H0029480.

PLAINTIFF'S ADMINISTRATIVE MOTION REGARDING SEALING OF DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5
3:11-cv-03003 JST (JCS)

3

| Document | Page/Line |
|---|---|
| Memorandum of Law | Yellow redactions at: |
| | 3:17-3:20; |
| | Note 3, first sentence; |
| | 4:1-4:6 (ending at citation to Ex. F); |
| | 4:10 (full sentence only); |
| | 4:11-12 (first full sentence of paragraph); |
| | 4:14-16; |
| | n. 4 (all but first sentence); |
| | 5:6-8 (last sentence in paragraph); |
| | 5:9-15; |
| | 5:16-19 (excluding last sentence in paragraph); |
| | 6:2-9 (beginning with second sentence of paragraph); |
| | 6:16-19; |
| | n. 7, first two sentences only; |
| | 7:1-2; |
| | n. 10; |
| | 9:15-19; |
| | 10:26-28 (last complete sentence); |
| | 22:22 (highlighted phrase only); |
| | 24:5-11 (two complete sentences on these lines). |
| Exhibit A | Yellow redactions at: |
| | 4:24-5:2; |
| | 5:4-5:12; |

H0029480.

PLAINTIFF'S ADMINISTRATIVE MOTION REGARDING SEALING OF DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5
3:11-cv-03003 JST (JCS)

| | |
|---|---|
| | 5:14-16 (complete sentence only); 5:22-6:8. |
| Exhibit B | Yellow redactions at: 26:3-5; 26:7-8; 26:12-15; 29:14-18; 30:15-25 47:2-14; 47:16-18; 47:20-25; 48:1-8; 48:11-25; 132:14-25; 133:1-6; 133:8-25; 134:1; 134:4-25; 135:1; 135:7-20; 135:23-25; 143:1; 143:4-20; 143:24-25; 144:1; 144:5-13; 144:17-25; |

H0029480.

PLAINTIFF'S ADMINISTRATIVE
MOTION REGARDING SEALING OF
DOCUMENTS PURSUANT TO CIVIL
LOCAL RULES 7-11 AND 79-5
3:11-cv-03003 JST (JCS)

|  | 148:1-12; |
|  | 148:15-24; |
|  | 172:5-7; |
|  | 172:13-17; |
|  | 172:22-24 |
|  | 173:2-3 |
|  | 173:6-8; |
|  | 173:11-23; |
|  | 222:6-25; |
|  | 303:1-3, and three words in 5; |
|  | 303:8-25; |
|  | 314:1-2; |
|  | 314:10-25; |
|  | 315:1-14. |
| Exhibit E (no disputes) | Entire document |
| Exhibit F | Yellow redactions on pages 1-3 |
| Exhibit G | Yellow redactions on pages 1-2 |
| Exhibit H | Entire document |
| Exhibit I | Yellow redactions at 3:7-6:15 |
| Exhibit J | Yellow redactions (which cover all but the last two lines) |
| Exhibit K | Yellow redactions on attachment |
| Exhibit L (no disputes) | Redactions at 5:21-27; 7:6-8:11 and 9:12-14. |
| Exhibit M | Yellow redactions on attachment |
| Exhibit N | Yellow redactions on attachment |
| Exhibit O | Yellow redactions at: |

H0029480.

PLAINTIFF'S ADMINISTRATIVE MOTION REGARDING SEALING OF DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5
3:11-cv-03003 JST (JCS)

6

|  | 39:2-11; |
|---|---|
|  | 124:2-3; |
|  | 124:16-25; |
|  | 125:1-2; |
|  | 125:5-17 |
|  | 126:5-25 |
|  | 241:1-25; |
|  | 242:1-25 |
|  | 254:5-9; |
|  | 255:21-25 |
|  | 256:1-22 |
|  | 275:20-25; |
|  | 290:7-25. |
| Exhibit P (no disputes) | Entire document |
| Exhibit Q | Yellow highlighted portions |
| Exhibit R | Yellow highlighted portions on |
| Exhibit U (no disputes) | Yellow redactions at: |
|  | 5:24-27; |
|  | 6:6; |
|  | 6:11-16; |
|  | 6:22-27; |
|  | 7:5-8; |
|  | 7:14-19 |
|  | 8:4-6; |
|  | 8:18-20; |

H0029480.

PLAINTIFF'S ADMINISTRATIVE MOTION REGARDING SEALING OF DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5
3:11-cv-03003 JST (JCS)

7

|  | |
|---|---|
|  | 9:6-8; 9:20-23; 10:9-13; 10:26-11:1; 11:21-26; and 12:18-20. |
| Exhibit V (no disputes) | Entire document |
| Exhibit W (no disputes) | Entire document |
| Exhibit X (no disputes) | Entire document |
| Exhibit CC (no disputes) | Yellow redactions at 40:8-15; 40:18-19; 40:23; 41:1-16; 42:10-12; 42:15-19; 42:21; 43:6-16; 43:19-22; 44:5-9; 44:12-16; 44:19-25; 321:9-322:18; 322:24-323:8; and 323:10-324:17. |

The portions of documents on which the parties disagree fall into three general categories.

First, Plaintiff disagrees that certain facts concerning Safeway's pricing methodology are entitled to confidential treatment to the extent those facts have already been revealed in public filings in this action. *See e.g. Plascencia v. Lending 1st Mortg.*, 2013 U.S. Dist. LEXIS 47164, 6-7 (N.D. Cal. Mar. 28, 2013) (denying request to seal where the information has already been revealed publicly in other filings).

Second, Safeway's business decisions in 2009 and 2010 are not entitled to confidential treatment, particularly to the extent those decisions were ultimately reflected in public-facing documents. *See e.g., Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 2012 U.S. Dist. LEXIS 162943 (N.D. Cal. Nov. 13, 2012) ("Samsung has not explained, and the Court cannot see, how

H0029480.

PLAINTIFF'S ADMINISTRATIVE MOTION REGARDING SEALING OF DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5
3:11-cv-03003 JST (JCS)

8

disclosure of the fact that Samsung once held such discussions could place it at any sort of competitive disadvantage now, in 2012, when the design decisions under discussion have presumably already been implemented in publically available products, or were rejected four years ago.")

Finally, general adjectives used to describe Safeway's pricing program by Safeway.com's CFO are not confidential.

The portions of documents which Plaintiff does <u>not agree</u> may be sealed are as follows:

| Document | Page/Line |
|---|---|
| Memorandum of Law | Pink redactions at: |
| | 4:6-10 (the complete sentence only); |
| | 4:12-13 (the complete sentence only); |
| | 4:17-20; |
| | 4:21-22; |
| | 5:1; |
| | 5:4-6 (complete sentence only); |
| | 6:10-12; |
| | n. 7, last two sentences; |
| | n. 8, last six words; |
| | 8:24 (two words); |
| | n. 13, quoted phrase only; |
| | 19:26-28, beginning with the word "recognized" |
| Exhibit A | Pink redactions at: |
| | 4:15-23; |
| | 5:3-4 (first sentence); |
| | 5:13-14 (first sentence); |

H0029480.

PLAINTIFF'S ADMINISTRATIVE MOTION REGARDING SEALING OF DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5
3:11-cv-03003 JST (JCS)

9

|  | |
|---|---|
|  | 5:16-21 |
| Exhibit B | Pink redactions at: 26:16-25 27:4-15; 28:18-19; 29:5-7; 29:21-25; 30:1-14; 314:3-9. |
| Exhibit F | Pink highlighted sections on page 2 |
| Exhibit G | Pink highlighted sections on page 1 |
| Exhibit I | Response to Interrogatory 5 |
| Exhibit J | Pink highlighted sections on last page (last two lines) |
| Exhibit K | Pink highlighted sections on page 3 of attachment |
| Exhibit M | Pink highlighted sections on page 3 of attachment |
| Exhibit N | Pink highlighted section of email; and last sentence on attachment |
| Exhibit O | Pink redactions at: 39:15-23; 48:13-25; 49:1; 123:9-19; 254:10-19; 255:12-20; |

H0029480.

PLAINTIFF'S ADMINISTRATIVE MOTION REGARDING SEALING OF DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5
3:11-cv-03003 JST (JCS)

10

|  | 271:11-12; |
|  | 271:21-23; |
|  | 272:1; |
|  | 272:21-24; |
|  | 273:2-15; |
|  | 274:3-25; |
| Exhibit Q | Pink highlighted portions |
| Exhibit R | Pink highlighted portion under õProblem Statementö |

Plaintiff has filed herewith a proposed Order granting the administrative motion solely as to those portions of documents which he stipulates can be filed under seal. Defendant Safeway will file its own proposed Order pursuant to Rule 79-5.

H0029480.

PLAINTIFFøS ADMINISTRATIVE MOTION REGARDING SEALING OF DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5
3:11-cv-03003 JST (JCS)

11

| | |
|---|---|
| Dated: October 11, 2013 | CHIMICLES & TIKELLIS, LLP |
| | BY:  s/Timothy N. Mathews |
| | Steven A. Schwartz (pro hac vice) |
| | Timothy N. Mathews (pro hac vice) |
| | CHIMICLES & TIKELLIS, LLP |
| | 361 West Lancaster Avenue |
| | Haverford, PA 19041 |
| | Telephone: (610) 642-8500 |
| | Facsimile: (610) 649-3633 |
| | SteveSchwartz@chimicles.com |
| | TimothyMathews@chimicles.com |
| | |
| | James C. Shah (SBN 260435) |
| | Scott R. Shepherd |
| | SHEPHERD, FINKELMAN, MILLER & SHAH, LLP |
| | 35 E. State Street |
| | Media, PA 19063 |
| | Telephone (610) 891-9880 |
| | Facsimile (610) 891-9883 |
| | jshah@sfmslaw.com |
| | sshepherd@sfmslaw.com |
| | *Attorneys for Plaintiff and the Class* |

H0029480.

PLAINTIFF'S ADMINISTRATIVE MOTION REGARDING SEALING OF DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5
3:11-cv-03003 JST (JCS)

12