James C. Shah (SBN 260435)
SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
401 West A Street, Suite 2350
San Diego, CA 92101
Telephone: (619) 235-2416
Facsimile: (619) 235-7334
jshah@sfmslaw.com

CHIMICLES & TIKELLIS LLP
Steven A. Schwartz
Timothy N. Mathews
361 W. Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500

*Attorneys for Plaintiff and on Behalf of All Others Similarly Situated*

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
P. CRAIG CARDON, Cal. Bar No. 168646
BRIAN R. BLACKMAN, Cal. Bar No. 196996
4 Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415-434-9100
Facsimile:    415-434-3947
E-Mail:       ccardon@sheppardmullin.com
              bblackman@sheppardmullin.com

*Attorneys for Defendant*
*SAFEWAY INC.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RODMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAFEWAY INC.,<br><br>Defendant. | Case No. 3:11-CV-03003-JST (JCS)<br><br>**[PROPOSED] CASE MANAGEMENT ORDER**<br><br>The Honorable Jon S. Tigar |

Having considered the parties' Joint Case Management Statement (Dkt. No. 164) and Supplemental Joint Case Management Statement (Dkt. No. 166), reviewed the parties' proposed notice plan and forms of notice, discussed these items and issues during the Case Management Conference held on April 23, 2014, and good cause appearing, IT IS ORDERED THAT:

1. **Class Notice**: The Court finds that the parties' proposed plan for providing notice to members of the Class, as certified pursuant to this Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Class Certification (Dkt. No. 163), is appropriate and complies with due process and Rule 23. Accordingly, the Court adopts the following Class Notice Plan:

   A. **Individual Notice by Direct Electronic Mail:** Summary notice, in the form attached as Exhibit A ("Summary Notice"), shall be sent by Safeway via electronic mail to the last known email address associated with each Class member in Safeway's records. The Notice shall be sent within sixty (60) days of the April 23, 2014 Case Management Conference.

   B. **Individual Notice by Direct Postal Mail**: In the event an emailed Summary Notice is returned as undeliverable, Safeway shall send the Summary Notice in letter format via U.S. mail, or alternatively, via postcard format (in a form to be agreed upon by the parties), to the last known mailing address currently in Safeway's records. Such notice by postcard or letter, if any, shall be sent no later than thirty (30) days after Safeway receives notice that the Summary Notice cannot be delivered by email to certain Class members. Plaintiff shall be responsible for paying the postage associated with such direct postal mail notice.

   C. **Website:** The Court further orders that the website www.SafewayGroceryDeliveryClassAction.com shall be established by Plaintiff, on which will be posted the long-form notice in the form attached as Exhibit B (the "Long-Form Notice"), as well as the Court's March 10, 2014 Order, Plaintiff's Amended Complaint, Safeway's Answer, instructions for submission of an exclusion request, and, to the extent

relevant, future orders of the Court or other documents important to Class members. The website shall be activated within sixty (60) days of the April 23, 2014 Case Management Conference.

    D.    **Opt Out Deadline**: Class members shall be permitted forty-five (45) days from the date that the Summary Notice is provided via email or first-class postal mail to exclude themselves from the Class in the manner described in the Summary Notice. The parties shall insert the appropriate dates in the Summary Notice and Long-Form Notice once the final date for issuance is determined.

    E.    **Non-Substantive Changes to Notice**: The parties may make non-substantive changes to the forms of notice approved in this Order.

2.    **Discovery**: The deadline to complete further discovery in advance of summary judgment briefing is June 23, 2014. Any disputes about such discovery shall be submitted to [the undersigned via joint letter not to exceed 8 pages] Judge Spero in accordance with his discovery procedures.

3.    **Summary Judgment**: The parties shall file cross-motions, along with any supporting papers, for summary judgment on the merits of the breach of contract claim certified for class treatment by the Court. The Court sets the following briefing schedule for these cross-motions:

    A.    Opening Briefs due July 18, 2014; and

    B.    Response Briefs due August 11, 2014.

Plaintiff is permitted to defer any motion for summary judgment as to the amount of damages, if any, until after the Court's ruling on the parties' cross-motions on the merits of the breach of contract claim.

/ / /

/ / /

/ / /

- 2 -
SMRH:422918081.1                                            [~~PROPOSED~~] CASE MANAGEMENT ORDER
Case No. 11-CV-3003 JST (JCS

4. **Hearing**: The Court will hear argument on the parties' cross-motions for summary judgment on the merits of the breach of contract claim on September 11, 2014, at 2:00 p.m.

**IT IS SO ORDERED.**

DATED: May 13, 2014



UNITED STATES DISTRICT JUDGE

- 3 -

**EXHIBIT A**

From:    Administrator@SafewayGroceryDeliveryClassAction.com

Re:    Legal Notice Regarding Safeway/Vons/Genuardis Grocery Delivery Class Action

# NOTICE OF PENDENCY OF CLASS ACTION

**If you ordered groceries for home delivery from Safeway.com, Vons.com, or Genuardis.com, a class action may affect your rights**

*A court authorized this notice.  It is not a solicitation from a lawyer.*

You are receiving this notice because you have been identified as a potential class member in a class action lawsuit pending in the United States District Court for the Northern District of California, called *Rodman v. Safeway Inc.* (Civil Action Number 11-cv-03003-JST).  The lawsuit was filed by Plaintiff, Michael Rodman ("Plaintiff") against Defendant, Safeway Inc. ("Safeway" or "Defendant").  The class action lawsuit may affect your rights.  You must decide whether to remain in the lawsuit as a Class Member, or to exclude yourself.  Your options are summarized below.

Safeway's records show that you registered for the online home delivery service prior to November 15, 2011 and placed and received an order for grocery delivery through Safeway.com, Vons.com, or Genuardis.com that were subject to Safeway's new online pricing implemented on or around April 12, 2010.

Plaintiff in this lawsuit asserts that Safeway overcharged online customers, who registered for online delivery prior to November 15, 2011, for groceries ordered through Safeway.com, Vons.com, or Genuardis.com that were subject to new online pricing implemented on or about April 12, 2010.  Specifically, Plaintiff claims that the terms and conditions applicable to Safeway's online grocery delivery orders (which are referred to as the "Special Terms" on the Safeway.com web site ) promised customers that the prices charged for groceries delivered would be the same as the prices charged in the physical store from which the groceries were selected and delivered.  Beginning around April 2010, however, Safeway implemented new pricing that increased prices for items offered for online ordering and delivery, other than Club Card specials items and certain online-only promotions, above the prices charged in the physical store from which the items were selected and delivered.  Plaintiff alleges that the pricing disparity violated the terms and conditions of the online delivery agreement, and constitutes a breach of contract.

Safeway denies that it did anything wrong and denies that the terms and conditions promised that the prices for groceries ordered online would be the same as the prices in the physical stores from which the groceries were selected and delivered.  Safeway further denies that any prices it has charged are unlawful or violated its contractual obligations.  The Court has not yet decided whether Safeway did anything wrong.  There is no money available at this time.  However, your legal rights are affected.

On March 10, 2014, the Court certified a Class of "All persons in the United States who registered to purchase groceries through Safeway.com at any time prior to November 15, 2011, and made one or more purchases subject to the price markup implemented on or about April 12, 2010 (the 'Class')," excluding certain family members and employees of the Court, Safeway, and the Plaintiff's attorneys.

The Court also appointed the two law firms below as class counsel.  You may contact these attorneys if you have questions about this notice or about this case.  Please do not contact the Court, unless it is to exclude yourself from the class as set forth below.

*Court Appointed Class Counsel*

| | |
|---|---|
| Steven A. Schwartz<br>Timothy N. Mathews<br>**CHIMICLES & TIKELLIS LLP**<br>361 West Lancaster Avenue<br>Haverford, PA 19041<br>(610) 642-8500<br>E-mail: SAS@chimicles.com<br>           TNM@chimicles.com | Scott R. Shepherd<br>James C. Shah<br>**SHEPHERD, FINKELMAN,<br>MILLER & SHAH, LLP**<br>35 East State Street<br>Media, PA 19063<br>(610) 891-9880<br>Email: sshepherd@sfmslaw.com<br>           jshah@sfmslaw.com |

The future proceedings and rulings in this lawsuit, whether favorable or unfavorable, will be binding on all members of the Class who do not timely exclude themselves.  To exclude yourself from the Class, you must submit an Exclusion Request by mailing a letter that: (a) contains your name and mailing address; (b) states you believe you are a member of the Class and you wish to be excluded from it; (c) includes the name and docket number of this case (*Rodman v. Safeway Inc.,* 11-cv-03003-JST ); (d) is postmarked by XXXXXXXX, 2014; and (e) is mailed to the following address: U.S. District Court, Clerk's Office, XXXXX.  Be sure to sign the letter.  You may also enter an appearance through another attorney, at your expense, if you desire.

Your legal rights and options in this lawsuit are summarized below.

| **Your Legal Rights And Options In This Lawsuit** | |
|---|---|
| **DO NOTHING** | **Stay in this lawsuit. Await the outcome. Give up certain rights.**<br><br>By doing nothing, you keep the possibility of getting money or benefits that may come from a trial or a settlement.  But, you give up any rights to sue the Defendant separately about the same legal claims in this lawsuit. |
| **ASK TO BE EXCLUDED** | **Get out of this lawsuit. Get no benefits from it. Keep rights.**<br><br>If you ask to be excluded and money or benefits are later awarded, against the Defendant, you will not share in those.  But, you keep any rights to sue the Defendant separately about the same legal claims in this lawsuit. |

More information about the lawsuit is available at SafewayGroceryDeliveryClassAction.com.

**EXHIBIT B**

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

**If you ordered groceries for home delivery from Safeway.com, Vons.com, or Genuardis.com, a class action may affect your rights.**

*A court authorized this notice.  It is not a solicitation from a lawyer.*

- Plaintiff Michael Rodman ("Plaintiff") has sued Safeway Inc. ("Safeway" or "Defendant"), alleging Safeway overcharged online customers, who registered prior to November 15, 2011, for groceries ordered through Safeway.com, Vons.com, or Genuardis.com that were subject to Safeway's new online pricing implemented on or about April 12, 2010.

- The purpose of this notice is to inform you that the Court has allowed Plaintiff's claim for breach of contract against Safeway to proceed on a class wide basis, which may affect your rights.

- The Court has not yet decided whether Safeway did anything wrong.  There is no money available at this time and no guarantee there will be.  However, your legal rights are affected, and you have a choice to make now:

Your legal rights and options in this lawsuit are summarized below.

| Your Legal Rights And Options In This Lawsuit | |
|---|---|
| **DO NOTHING** | **Stay in this lawsuit. Await the outcome. Give up certain rights.**<br><br>By doing nothing, you keep the possibility of getting money or benefits that may come from a trial or a settlement.  But, you give up any rights to sue the Defendant separately about the same legal claims in this lawsuit. |
| **ASK TO BE EXCLUDED** | **Get out of this lawsuit. Get no benefits from it. Keep rights.**<br><br>If you ask to be excluded and money or benefits are later awarded against the Defendant, you won't share in those.  But, you keep any rights to sue the Defendant separately about the same legal claims in this lawsuit. |

- Your options are explained in this notice.  To ask to be excluded, you must act before XXXXX XX, XXXX.

- Lawyers must prove the claims against Safeway at trial or through pretrial motions.  No trial date is currently set.  If money or benefits are eventually obtained from Safeway in this lawsuit, another notification will be distributed about any recovery.

- **Any questions?  Read below, or visit** www.SafewayGroceryDeliveryClassAction.com.

## BASIC INFORMATION

**1. Why did I get this notice?**

Safeway's records show that you registered for home delivery service prior to November 15, 2011, and placed and received an order for grocery home delivery through Safeway.com, Vons.com, or Genuardis.com that was subject to Safeway's new online pricing implemented on or about April 12, 2010.  This notice explains that the Court has allowed, or "certified," a class action lawsuit that may affect you.  You have legal rights and options that you may exercise before the Court holds a trial.  The trial is to decide whether the breach of contract claim being made against Safeway, on your behalf, is correct.  Judge Jon S. Tigar of the United States District Court for the Northern District of California is overseeing this class action.  The lawsuit is known as *Rodman v. Safeway Inc.,* Civil Action No. 11-cv-03003-JST.

**2. What is this lawsuit about?**

This lawsuit is about whether Safeway overcharged online delivery customers, who registered for delivery prior to November 15, 2011, and placed and received a home delivery order through Safeway.com that was subject to Safeway's new online pricing implemented on or about April 12, 2010.  Plaintiff claims that the terms and conditions applicable to Safeway's online grocery delivery orders (which are referred to as the "Special Terms" on the Safeway.com web site) promised customers that the prices offered and charged for groceries available for online ordering and delivery would be the same as the prices charged in the physical store from which the groceries were selected and delivered.  Beginning around April 2010, however, Safeway implemented new pricing for items offered for online ordering and delivery that increased prices for most items other than Club Card specials items and certain online-only promotions above the prices charged in the physical store from which the items were selected and delivered.  Plaintiff alleges that the price disparity violated the terms and conditions of the online delivery agreement, and constitutes a breach of contract.  Safeway denies that it did anything wrong.  Safeway further denies that any prices it has charged are unlawful or violated its contractual obligations.  The Court has not yet decided whether Plaintiff's claim is correct or whether Safeway did anything wrong.

**3. What is a class action and who is involved?**

In a class action lawsuit, a person called the "Class Representative" (in this case Michael Rodman) sues on behalf of himself and other people who have similar claims.  All of the people together are called a "Class" or "Class Members."  The company Mr. Rodman sued (in this case Safeway Inc.) is called the Defendant.  One court resolves the issues for everyone in the Class, except for those people who choose to exclude themselves from the Class.

**4. Why is this lawsuit a class action?**

The Court decided that Plaintiff's claim for breach of contract against Safeway can proceed as a class action and move towards a trial because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. More information about why the Court is allowing this lawsuit to be a class action is in the Court's Order Granting In Part and Denying In Part Class Certification, which is available at www.SafewayGroceryDeliveryClassAction.com.

## THE CLAIMS IN THE LAWSUIT

**5. What does the lawsuit complain about?**

In the lawsuit, Plaintiff claims that Safeway violated the terms and conditions applicable to online home delivery service, which form the contract between grocery delivery customers and Safeway. Plaintiff claims that Safeway violated an alleged contractual promise to charge the same prices for certain items ordered online as were charged in the physical store from which the items were delivered. You can read Plaintiff's full Amended Complaint at www.SafewayGroceryDeliveryClassAction.com.

**6. How does Safeway answer?**

Safeway denies that it promised prices would be the same and denies that it did anything wrong. Safeway claims it informed customers that the prices charged for delivery would be the prices shown in the online store on the date of delivery as noted next to each item. Safeway's Answer to the Amended Complaint is also available at www.SafewayGroceryDeliveryClassAction.com.

**7. Has the Court decided who is right?**

The Court has not decided whether Plaintiff or Safeway is correct. By establishing the Class and issuing this Notice, the Court is not suggesting that Plaintiffs will win or lose this case. Plaintiffs must prove their claims at a trial. No trial date has currently been set.

**8. What is the Plaintiff asking for?**

Plaintiff is asking the Court to find that Safeway breached its contract with online customers and to award damages (equal to the difference between the prices charged for delivered groceries and the prices that would have been charged on that same day in the physical store from which the items were delivered, excluding Club Card and certain other promoted items) plus interest to Plaintiff and the Class.

**9. Is there any money available now?**

No money or benefits are available now because the Court has not yet decided whether Safeway did anything wrong, and the two sides have not settled the case. There is no guarantee that money or benefits will ever be obtained. If they are, and you have not excluded yourself from the Class, another notification will be distributed about the available money or benefits.

## WHO IS IN THE CLASS

You need to decide whether you are affected by this lawsuit.

**10. Am I in the Class?**

Judge Tigar certified the following Class:

> All persons in the United States who registered to purchase groceries through Safeway.com at any time prior to November 15, 2011, and made one or more purchases subject to the price markup implemented on or about April 12, 2010 (the "Class").
>
> Excluded from the Class are Defendant, as well as all employees of the judges assigned to this action in this Court, their spouses and any minor children living in their households, and other persons within a third degree relationship to any such federal judge; and finally, the entire jury venire called to for jury service in relation to this lawsuit.  Also excluded from the Class are any attorneys or other employees of any law firms hired, retained and/or appointed by or on behalf of the named Plaintiffs to represent the named Plaintiffs and/or any proposed Class members or proposed class in this lawsuit.

Thus, if you registered to purchase groceries through Safeway.com (or Vons.com or Genuardis.com) prior to **November 15, 2011**, and completed an online purchase at any time around April 12, 2010 and after, you are likely a member of the Class.

**11.   I am still not sure if I am included?**

If you are still not sure whether you are a member of the Class, you can review documents at www.SafewayGroceryDeliveryClassAction.com, or by calling or writing to Class Counsel, at the phone numbers or addresses listed below.  Do not call the Court.

## YOUR RIGHTS AND OPTIONS

You have to decide whether to stay in the Class (do nothing right now) or ask to be excluded before the trial.  You have until _____, 2014, to exclude yourself.

**12. What happens if I do nothing at all?**

You do not have to do anything now if you want to remain a member of the Class and retain the possibility of receiving money or benefits from this lawsuit.  **By doing nothing you are staying in the Class.**  If you stay in the Class and the Plaintiff obtains money or benefits, either as a result of the trial or a settlement, another notification will be distributed about any recovery.  Keep in mind that if you do nothing now, regardless of whether the Plaintiff wins or loses the trial, you will not be able to sue, or continue to sue, Safeway—as part of any other lawsuit—about the same legal claims that are the subject of this lawsuit.  You will also be legally bound by all of the Orders the Court issues and judgments the Court makes in this class action.

**13. Why would I ask to be excluded?**

If you already have a lawsuit against the Safeway for similar claims and want to continue with it, you need to ask to be excluded from the Class. If you exclude yourself from the Class – which means to remove yourself from the Class, and is sometimes called "opting out" of the Class – you will not get any money or benefits from this lawsuit even if the Plaintiff obtains them as a result of the trial or from any settlement (that may or may not be reached) between Safeway and the Plaintiff. However, you may then be able to sue or continue to sue Safeway for breach of the terms and conditions with respect to product pricing.

If you exclude yourself, you will not be legally bound by the Court's judgments in this class action. If you start your own lawsuit against Safeway after you exclude yourself, you will have to prove your claims in court, and you may have to hire and pay your own lawyer for that lawsuit. If you do exclude yourself, you should talk to your own lawyer soon, because your claims may be subject to a statute of limitations or other time-sensitive requirements.

**14. How do I ask the Court to exclude me from the Class?**

To ask to be excluded, you must send an "Exclusion Request" in the form of a letter sent by U.S. Mail that: (a) contains your name and mailing address; (b) states you believe you are a member of the Class and you wish to be excluded from it; (c) includes the name and docket number of this case (Rodman v. Safeway Inc., 11-cv-03003-JST ); (d) is postmarked by XXXXXXXX, 2014; and (e) is mailed to the following address: U.S. District Court, Clerk's Office, XXXXX. Be sure to sign the letter.

## THE ATTORNEYS REPRESENTING YOU

**15. Do I have an attorney in this case?**

The Court has appointed Steven A. Schwartz and Timothy N. Mathews of Chimicles & Tikellis, LLP, and Scott R. Shepherd and James C. Shah of Shepherd, Finkelman, Miller & Shah, LLP, as "Class Counsel." Their contact information is listed below.

**16. Should I get my own attorney?**

You do not need to hire your own lawyer because Class Counsel is working on your behalf. If you want your own lawyer, you will have to pay that lawyer. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

**17. How will the attorneys be paid?**

If Class Counsel obtain money or benefits for the Class, they may ask the Court for fees and expenses. You will not have to pay these fees and expenses. If the Court grants Class Counsel's request, the fees and expenses would either be deducted from any money obtained for the Class or paid separately by Safeway.

# THE TRIAL

The Court has not yet scheduled a trial to decide who is right in this case. It is possible that the Court may be able to decide the case on pre-trial motions. Unless the case is otherwise resolved, a trial is likely to begin in 2015.

**18. How and when will the Court decide who is right?**

As long as the case is not resolved by a settlement or otherwise, Class Counsel will have to prove the claims through pre-trial motions or at a trial. During these processes, the Court or jury will hear all of the evidence to help them reach a decision about whether the Plaintiff or Safeway are right about the claims in this lawsuit. There is no guarantee that the Plaintiff will win, or that he will get any money for the Class.

**19. Do I have to come to the trial?**

You do not need to attend any trial. Class Counsel will present the case for the Plaintiff and the Class, and Safeway will present its defenses. You or your own lawyer are welcome to attend at your own expense.

**20. Will I get money after the trial?**

If at some point Plaintiff obtains money or benefits as a result of the trial, pre-trial motions, or a settlement, and you did not exclude yourself from the Class, another notice will be distributed with information about how to participate. We do not know how long this will take.

# GETTING MORE INFORMATION

**21. Are more details available?**

Visit the website, www.SafewayGroceryDeliveryClassAction.com, where you will find the Court's Order Granting In Part and Denying In Part Class Certification, Plaintiff's Amended Complaint, Defendant's Answer to the Amended Complaint, as well as information about how to exclude yourself as a Class Member. You may also contact one of the following attorneys appointed by the Court to serve as Class Counsel:

*Court Appointed Class Counsel*

| | |
|---|---|
| Steven A. Schwartz | Scott R. Shepherd |
| Timothy N. Mathews | James C. Shah |
| **CHIMICLES & TIKELLIS LLP** | **SHEPHERD, FINKELMAN,** |
| 361 West Lancaster Avenue | **MILLER & SHAH, LLP** |
| Haverford, PA 19041 | 35 East State Street |
| (610) 642-8500 | Media, PA 19063 |
| E-mail: SAS@chimicles.com | (610) 891-9880 |
| TNM@chimicles.com | Email: sshepherd@sfmslaw.com |
| | jshah@sfmslaw.com |

**Please do not call the Court**.