UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RODMAN,<br><br>   Plaintiff,<br><br>   v.<br><br>SAFEWAY INC.,<br><br>   Defendant. | Case No.  11-cv-03003-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR RECONSIDERATION**<br><br>Re: ECF No. 226 |

Currently before the Court is Defendant Safeway, Inc.'s motion for reconsideration, ECF No. 226-2, which asks the Court to amend its December 10, 2014 order granting Plaintiff Michael Rodman's motion for partial summary judgment. ECF No. 223. The Court previously granted Safeway leave to file the present motion for reconsideration. ECF No. 228.

Local Rule 7-9 provides that a party moving for leave to file a motion for reconsideration must show:

> (1)  That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2)  The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3)  A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b).

Safeway argues that the Court's order granted Plaintiff summary judgment on two issues that were not properly before the Court, resulting in manifest error.

1    First, Safeway objects to the Court's finding that "Safeway is liable to Plaintiff and the
2    Class for the aggregate amount of the online mark-up from April 12, 2010, through the present."
3    ECF No. 223 at 19.  Safeway argues this conclusion was in error because Plaintiff's notice of
4    motion indicated that Plaintiff sought summary judgment on the issues of breach and the
5    ineffectiveness of the November 11, 2011 amendment to the contract, but did not indicate that
6    Plaintiff sought summary judgment on the appropriate measure of damages.  See ECF No. 170-5
7    at 1:10-14.  Plaintiff's motion indicated that "[t]he parties have agreed to defer any motion for
8    summary judgment as to the amount of damages until after a liability determination by the Court."
9    Id. at 1, n. 2.  Plaintiff argues that although its motion agreed to defer a determination of the
10   *amount* of damages, it still sought a finding that the aggregate amount of the online markup was
11   the appropriate *measure* of damages.

12   The Court finds Safeway's argument on this ground persuasive.  As the party moving for
13   summary judgment, Plaintiff was required to frame the relief sought by his motion clearly, in
14   order to provide adequate notice to the opposing party and to the Court.  It is true that Plaintiff's
15   motion mentioned the "aggregate" amount of the markup three times. See id. at 1 n. 2, 13:26,
16   25:17.  But Plaintiff's motion for partial summary judgment did not make any argument as to why
17   the aggregate amount of the markup was the appropriate measure of damages, beyond the
18   conclusory statement that "Plaintiff and the Class are entitled to recover the full aggregate amount
19   of the charged markup charged by Safeway."  Id. at 13:26.  The Court's order likewise did not
20   discuss the appropriate measure of damages, but merely concluded that Safeway had breached its
21   contract with class members.  Therefore, the Court's order should not have stated in its conclusion
22   that the "aggregate amount of the online mark-up" was the appropriate measure of damages.
23   Although the Court concludes that the measure of damages was not properly placed before it by
24   Plaintiff's partial summary judgment motion, Plaintiff still may seek summary judgment regarding
25   the appropriate measure and amount of damages in the future.

26   Second, Safeway argues that the Court's order erroneously granted summary judgment that
27   Safeway had breached its contract with all class members, including those who had registered to
28   use Safeway.com prior to 2006.  The Court previously certified the class to include "[a]ll persons

in the United States who registered to purchase groceries through Safeway.com at any time prior to November 15, 2011, and made one or more purchases subject to the price markup implemented on or about April 12, 2010." ECF No. 163 at 32.  Nonetheless, Plaintiff's motion for partial summary judgment only directed the Court to the contract operative on Safeway.com beginning in 2006.  See ECF No. 170-5 at 1:18 ("Safeway.com began offering grocery delivery in certain geographic regions in 2006"), 2:6 ("The Special Terms did not change between 2006 and November 15, 2011"), and 3:10 ("From the outset when Safeway began delivering groceries in 2006 . . .").

The Court finds Safeway's argument on this ground persuasive as well.  Plaintiff's motion repeatedly pointed to a version of the contract posted by Safeway in 2006.  Although Plaintiff subsequently submitted versions of the contract that Plaintiff alleges were posted by Safeway prior to 2006, see generally ECF No. 196, those versions of the contract were not placed before the Court by Plaintiff's initial motion for summary judgment and Defendant thus did not have sufficient notice that Plaintiff sought summary judgment that Safeway breached the contract with class members who registered prior to 2006.

Safeway also raises two additional grounds for reconsideration:  1) that the order erroneously applied Ninth Circuit precedent in addressing the effect of November 11, 2011 changes to the Special Terms on class members  2) that the order included a factual error concerning the accuracy of a representation made in an August 29, 2012 email sent to some class members.  The Court denies the motion for reconsideration on these grounds.

The Court will withdraw its prior order on Plaintiff's motion for partial summary judgment located at ECF No. 223, and issue an amended order in its place.  The amended order merely revises the Court's prior order to cabin its scope to those issues that were properly placed before

/ / /
/ / /
/ / /
/ / /
/ / /

1  the Court by Plaintiff's motion at ECF No. 170-5.  This order does not preclude the Plaintiff from
2  seeking summary judgment on these issues in the future.
3       **IT IS SO ORDERED.**
4  Dated:  February 12, 2015

_____
JON S. TIGAR
United States District Judge