SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
P. CRAIG CARDON, Cal. Bar No. 168646
ccardon@sheppardmullin.com
BRIAN R. BLACKMAN, Cal. Bar No. 196996
bblackman@sheppardmullin.com
JAY T. RAMSEY, Cal. Bar No. 273160
jramsey@sheppardmullin.com
4 Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:    415-434-9100
Facsimile:    415-434-3947

Attorneys for Defendant
SAFEWAY INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RODMAN, on behalf of himself and all others similarly situated,<br><br>         Plaintiff,<br><br>    v.<br><br>SAFEWAY INC.,<br><br>         Defendant. | Case No. 3:11-CV-03003-JST (JCS)<br><br>**SAFEWAY INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL IN CONNECTION WITH SAFEWAY'S MOTION TO DECERTIFY THE CLASS**<br><br>Date:         April 23, 2015<br>Time:        2:00 PM<br>Courtroom:  9, 19th Floor<br><br>The Honorable Jon S. Tigar |

1  Defendant Safeway Inc. ("Safeway") submits this administrative motion to seal portions of
2 its Motion to Decertify the Class ("Motion"), and certain portions of the declarations and certain
3 of the exhibits supporting Safeway's Motion. Pursuant to Civil Local Rule 79-5(d) and this
4 Court's Standing Order, Safeway has: (1) reviewed and complied with the Court's Standing Order,
5 and (2) reviewed Civil Local Rule 79-5. Safeway identifies the documents and portions of
6 documents it proposes to be sealed in the following chart:

| Document | Portion(s) To Be Sealed |
|---|---|
| Motion | Page 2, lines 12-15; Page 3, lines 10-14; Page 4, lines 3-5, 8-20, 24-25; Page 5, lines 2-5, 10-12, 17-20; Page 5, n.1, lines 22-28; Page 6, lines 7-8, 14; Page 6, lines 21-26; Page 7, lines 6-10; Page 9, lines 6-11; Page 13, lines 20, 22; Page 18, lines 19-21; Page 19, lines 6-20; Page 19, n.5, lines 27-28; Page 20, lines 21-22; Page 22, lines 9-13; Page 22, line 19 to page 23, line 9; Page 22, n.7, line 27, to page 23, n.7, line 28; Page 23, line 10-25; Page 25, line 4 |
| Declaration of Stephen E. Fleming | *Exhibits* <br> Exhibits A-H |
| Declaration of Matt Campbell | *Declaration* <br> Paragraph 2, lines 16-19; Paragraph 3, lines 22-24; Paragraph 5, lines 6-9; Paragraph 6, lines 11-14, 16-19; Paragraph 7, lines 1-5; Paragraph 8, lines 8-9 <br> *Exhibits* <br> Exhibits I-L |
| Declaration of Brian Blackman | *Declaration* <br> Paragraph 2.a, lines 13-18; Paragraph 2.b, lines 20-22; Paragraph 2.c, lines 24-26; Paragraph 2.d, lines 2-6; Paragraph 2.e, lines 8-12; Paragraph 2.f, lines 14-17; Paragraph 2.g, lines 19-22; Paragraph 2.h, lines 24-28; Paragraph 3, line 4 <br> *Exhibits* <br> Exhibits M-N |

22  The authority and grounds for sealing these documents are set forth below and in the
23 Declaration of Brian Blackman In Support of Safeway's Administrative Motion to Seal (the
24 "Blackman Declaration"). All documents proposed to be sealed (except Exhibit N) are Safeway's
25 documents or testimony (via declaration) and have previously been or are being designated as
26 Highly Confidential under the terms of the Stipulated Protective Order (Dkt. No. 57) entered in
27 this matter. Exhibit N includes exclusion requests in which Safeway seeks to redact customer
28 names and contact information. Safeway and Plaintiff are both ECF filers. As such, Safeway has

not served this motion on any non-party, or any party not registered for ECF. Pursuant to Civil L.R. 79-5, Safeway has concurrently submitted with this administrative motion the documents it proposes to be sealed partially, including both "redacted" and "unredacted" versions. Proposed redactions are indicated in the "unredacted" versions of the documents Safeway proposes to seal by highlighting the text in yellow.

## I. LEGAL STANDARD

A party seeking to file a document under seal must comply with a two-prong requirement. The party must "(1) comply with Civil Local Rule 79-5; and (2) rebut the [] strong presumption in favor of access that applies to all documents other than grand jury transcripts or pre-indictment warrant materials." *Gaudin v. Saxon Mortg. Servs.*, 2013 U.S. Dist. LEXIS 82059, at *2 (N.D. Cal. June 11, 2013) (Tigar, J.) (internal citations and quotations omitted). The first prong requires that the party seeking to seal the document establish that (1) "the document or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law; and (2) is narrowly tailored to seek sealing only of sealable material." *Id.* (citing Civil L.R. 79-5).

"With respect to the second prong, the showing required for overcoming the strong presumption of access depends on the type of motion to which the document is attached." *Id.* With regard to non-dispositive motions, "[a] court may, for good cause, keep documents confidential 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.* (quoting Fed. R. Civ. P. 26(c)). This court has held that a motion for class certification is a "non-dispositive" motion, and is thus subject to the lower "good cause" requirement rather than "compelling reasons" standard applied to dispositive motions. *Id*. at *5. The lower standard should thus also apply to this motion for decertification.

In general (and as the Court has previously found), pricing, internal business strategy, and internal business performance documents typically meet this standard and are justifiably sealed. Also properly sealed are transaction and customer data and information documents.

**A.     Pricing and Business Strategy Evidence**

"A trade secret is generally defined as information that (1) derives independent economic value from not being generally known to the public, and (2) is the subject of efforts to maintain its

secrecy." *La. Pac. Corp. v. James Hardie Bldg. Prods.*, 2013 U.S. Dist. LEXIS 94875, at *6 (N.D. Cal. July 8, 2013) (citing 18 U.S.C. § 1839(3); Cal. Civ. Code § 3426.1(d)).  Documents detailing a party's "business and pricing strategies" are treated as "trade secret[s]" or "confidential information*." Stanislaus Food Prods. Co. v. USS-POSCO Indus.*, 2012 U.S. Dist. LEXIS 176346, at *6 (E.D. Cal. Dec. 11, 2012).  Documents dealing with a party's internal business strategy are also treated as protected trade secrets for the purposes of a sealing motion.  *See In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 2013 U.S. Dist. LEXIS 68611, at *12 (N.D. Cal. May 13, 2013) (sealing document that was "marked confidential," and which "reveal[ed] the internal strategy and decision making process" where "disclosure could harm [the requesting party's] competitive standing"); *Muench Photography, Inc. v. Pearson Educ., Inc.*, 2013 U.S. Dist. LEXIS 115847, at *11-12 (N.D. Cal. Aug. 15, 2013) (sealing document which contained information relating to requesting party's "product development efforts and business strategies to competitors," when "competitors could use these strategies themselves—strategies that [the requesting party] spent significant resources to create").

**B.     Transaction and Customer Data Documents**

"Financial and customer data can constitute a protectable trade secret." *Scottsdale Ins. Co. v. Cook*, 2010 U.S. Dist. LEXIS 124932, at *7 (D. Ariz. Nov. 23, 2010).  For that reason, courts in this Circuit have treated such information as confidential and have granted motions to seal on this ground.  *Gaudin*, 2013 U.S. Dist. LEXIS 82059, at *5 ("In its declaration, Defendant maintains that certain of the material contains customer data and sensitive internal commercial information.  The Court concludes that there is good cause to seal this material, since exposing it to the public would subject Defendant to undue burden or expense.  The Court concludes that, for this reason, the material is 'entitled to protection under the law,' and further concludes that Defendant's proposal is 'narrowly tailored to seek sealing only of sealable material,' satisfying the requirements of Civil Local Rule 79-5(a).")

## II. SURVEY EVIDENCE

Exhibits A through G to the Declaration of Stephen E. Fleming ("Fleming Decl.") are various customer surveys taken at various times from 2009 to 2014.  In addition, the following

1 page and line numbers from the Declaration of Brian Blackman summarize the results of the
2 survey evidence (Paragraph 2.a, lines 13-18; Paragraph 2.b, lines 20-22; Paragraph 2.c, lines 24-
3 26; Paragraph 2.d, lines 2-6; Paragraph 2.e, lines 8-12; Paragraph 2.f, lines 14-17; Paragraph 2.g,
4 lines 19-22; Paragraph 2.h, lines 24-28; Paragraph 3, line 4).

5 This Court has previously sealed nearly identical information in the past. Specifically, in
6 support of his Partial Motion for Summary Judgment, Plaintiff submitted as Exhibit 34 to the
7 declaration of Timothy Mathews a "Service Satisfaction Survey" from 2010. *See* ECF Dkt. No.
8 171-36. The Court found (under the more exacting standard applied for dispositive motions) that
9 there were "compelling reasons" to seal the document because it consisted of "internal, nonpublic
10 information discussing Safeway's pricing strategy, business decision making, and financial
11 records, which would expose Safeway to competitive harm if disclosed." *See* ECF Dkt. No. 193
12 (Order granting application to seal). The survey evidence that Safeway now seeks to seal contain
13 the same type of "internal, nonpublic information discussing Safeway's pricing strategy, business
14 decision making, and financial records" that the Court previously sealed. *Id.*

### III. <u>NON-SURVEY EVIDENCE</u>

16 Exhibit H to the Fleming Declaration contains internal customer data that tracks how many
17 customers opened a particular marketing email, and how many customers thereafter placed orders
18 for online home grocery delivery. *See* Fleming Decl. ¶ 9. Exhibits I, J, K and L to the Declaration
19 of Matt Campbell ("Campbell Decl.") also include internal Safeway data on customers, including
20 how many customers are one-time or repeat shoppers, which customers took advantage of certain
21 promotions and discounts (including free delivery), and which customers placed orders and when
22 of those who opened certain marketing materials. *See* Campbell Decl. ¶¶ 3-6. Certain of these
23 exhibits, and certain portions of the Campbell declaration describing these exhibits, also reveal
24 internal, confidential financial information of Safeway.com, including certain revenue and
25 expense figures associated with Safeway's online home delivery services. The same information
26 is revealed in the excerpts of the deposition of Michael McCready, attached as Exhibit M to the
27 Declaration of Brian Blackman. Finally, Exhibit N to the Declaration of Brian Blackman includes
28 customer contact information, including names and email addresses. All of these documents or

the redacted information within them fit well within the types of documents that courts routinely order sealed.

There is good cause to seal these documents. In the first instance, Safeway takes steps to ensure all of this information is kept from the public. Blackman Decl. ¶ 5. Beyond this, the information is commercially sensitive and highly valuable to Safeway and not been previously disclosed. Should information regarding Safeway's internal business strategies, for instance, become available to Safeway's competitors, such competitors could use the information to undercut Safeway, predict future strategies or practices, or re-structure their business in a way that would be harmful to Safeway's profitability. *Id.*; *see also Stanislaus Food Prods. Co.*, 2012 U.S. Dist. LEXIS 176346, at *6. Likewise, internal discussions regarding Safeway business plans and strategies and performance documents could be used to understand current and predict future strategies and practices, and would provide Safeway's competitors with information that is both commercially sensitive, valuable and meets the "good cause" prong for sealing. *Id.* at ¶¶ 3-4, and 7; *see also Apple, Inc.*, 2012 U.S. Dist. LEXIS 30562, at *2; *Muench Photography, Inc.*, 2013 U.S. Dist. LEXIS 115847, at *11-12. Finally, information relating to Safeway's customers is, for many of the same reasons, both commercially sensitive and valuable, and allowing such information to become part of the public record would give Safeway's competitors a competitive understanding of Safeway's technical abilities and internal measurements. *Id.* ¶ 5; *Scottsdale Ins. Co.*, 2010 U.S. Dist. LEXIS 124932, at *7; *Gaudin*, 2013 U.S. Dist. LEXIS 82059, at *5.

## IV. CONCLUSION

For the reasons set forth above and in the accompanying Declaration of Brian Blackman, Safeway respectfully requests that the Court grant Safeway's Administrative Motion to Seal.

Dated: March 2, 2015                SHEPPARD MULLIN RICHTER & HAMPTON LLP


                                    By      */s/ Brian R. Blackman*
                                          CRAIG CARDON
                                          BRIAN R. BLACKMAN
                                          JAY T. RAMSEY
                                    Attorneys for Defendant SAFEWAY INC.