SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
P. CRAIG CARDON, Cal. Bar No. 168646
ccardon@sheppardmullin.com
BRIAN R. BLACKMAN, Cal. Bar No. 196996
bblackman@sheppardmullin.com
JAY T. RAMSEY, Cal. Bar No. 273160
jramsey@sheppardmullin.com
4 Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:  415-434-9100
Facsimile:  415-434-3947

Attorneys for Defendant
SAFEWAY INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RODMAN, on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAFEWAY INC.,<br><br>　　　　　Defendant. | Case No. 3:11-CV-03003-JST (JCS)<br><br>**SAFEWAY'S STATEMENT IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION REGARDING SEALING OF DOCUMENTS PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5 [ECF No. 244]**<br><br>The Honorable Jon S. Tigar |

Defendant Safeway Inc. ("Safeway") submits the following statement and accompanying Declaration of Brian Blackman ("Blackman Decl.") in support of Plaintiff Michael Rodman's ("Plaintiff") Administrative Motion Regarding Sealing of Documents (ECF. No. 244). Pursuant to Civil Local Rule 79-5(d) and this Court's Standing Order, Safeway has: (1) reviewed and complied with the Court's Standing Order, (2) reviewed Civil Local Rule 79-5, (3) identified each document, documents, or portions of documents proposed to be sealed or redacted, and (4) identified the entity that has designated the materials to be sealed as confidential. All documents proposed to be sealed are those of Safeway itself, an ECF filer. As such, Safeway has not served this statement on any non-party that is not on ECF.

## I. BACKGROUND

On March 2, 2015, Safeway filed its Motion to Decertify the Class (the "Motion"). *See* ECF. Nos. 238-242. Plaintiff filed his Opposition to Safeway's Motion on March 23, 2015 (the "Opposition"). *See* ECF No. 244-245. In support of his Opposition, Plaintiff submitted the Declarations of Paul Manning ("Manning Declaration") and Timothy Mathews ("Mathews Declaration"). ECF Nos. 245-1 and 245-8. The Mathew Declaration discusses several internal Safeway documents that were submitted under seal in connection with the Motion or as evidence in support of the parties' summary judgment briefing. *See* ECF No. 245-1, ¶¶1-5. It also attaches, as Exhibits B-F, a number of internal financial records of Safeway.com. *See* ECF No. 245-3 to 245-7. Safeway has designated these materials and information "Highly Confidential" under the terms of the Protective Order entered in this action. Plaintiff also discusses the content of these exhibits, as well as evidence both parties have submitted under seal in connection with the class certification and summary judgment briefings (ECF Nos. 120, 131, 137, 138 and 170), in his Opposition.

Safeway designated these documents and information "Highly Confidential" because they discuss and reflect Safeway.com's pricing strategies, pricing methodology, highly sensitive financial information and internal business strategy (including internal communications regarding decision-making and business plans). *See* Declaration of Michael McCready (ECF Nos. 172-1 and 179) ("McCready Decls."), ¶¶4-7; Declaration of Brian Blackman (ECF Nos. 142, 186)

- 1 -

1 ("Blackman Decl."), ¶¶4-8. These documents contain sensitive business and pricing information
2 that is not generally available to the public and would be of significant value to Safeway's
3 competitors if released to the public. *See* McCready Decls., ¶¶4, 6-7; Blackman Decl., ¶¶4-8. In
4 accordance with Civil L.R. 79-11(d), Plaintiff redacted information for his Opposition and the
5 Mathews Declaration and lodged Exhibits B-F and the Manning Declaration for filing under seal
6 and filed an Administrative Motion for a sealing order. *See* ECF No. 244. Safeway submits this
7 Statement and the supporting Blackman Declaration in support of Plaintiff's administrative motion
8 to seal.

## II.  ARGUMENT

### A.  References In The Opposition To Documents Previously Submitted Under Seal

Plaintiff seeks to seal portions of his Opposition that discuss materials the parties have previously filed under seal in connection with the class certification and summary judgment briefing. He also discusses materials that Safeway has lodge for filing under seal in connection with the Motion. The portions of Plaintiff's Opposition discussing evidence previously submitted under seal reflect confidential information contained within that evidence, namely information concerning Safeway's pricing strategies and methodology and Safeway's internal business strategy and performance. As set forth below and in Safeway's previously filed statement and declarations (ECF Nos. 122, 131, 142, 172, 179 and 238) in connection with the earlier proceedings, such information is properly sealable. The table set forth in paragraph 9 of the accompanying Blackman Declaration identifies: (1) those portions of Plaintiff's Opposition that Safeway supports sealing because it discusses Safeway's confidential information and strategies; (2) the evidence previously submitted under seal to which Plaintiff's Opposition refers or discusses; (3) the previously filed proof submitted in support of the sealing applications; and (4) the Sealing Order. The portions of Plaintiff's Opposition referencing and discussing this same information should also be sealed. *See* Blackman Decl., ¶9.

**B.      Evidence Submitted For The First Time Under Seal**

In this district, a party seeking to file a document under seal must comply with a two-prong requirement. The party must "(1) comply with Civil Local Rule 79-5; and (2) rebut the [] strong presumption in favor of access that applies to all documents other than grand jury transcripts or pre-indictment warrant materials." *Gaudin v. Saxon Mortg. Servs.*, 2013 U.S. Dist. LEXIS 82059, at *2 (N.D. Cal. June 11, 2013) (Tigar, J.) (internal citations and quotations omitted). The first prong requires that the party seeking to seal the document establish that (1) "the document or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law; and (2) is narrowly tailored to seek sealing only of sealable material." *Id.* (citing Civil L.R. 79-5). "With respect to the second prong, the showing required for overcoming the strong presumption of access depends on the type of motion to which the document is attached." *Id.* With regard to non-dispositive motions, "[a] court may, for good cause, keep documents confidential 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.* (quoting Fed. R. Civ. P. 26(c)). This court has held that a motion for class certification is a "non-dispositive" motion, and is thus subject to the lower "good cause" requirement rather than "compelling reasons" standard applied to dispositive motion. *Id.* at *5.

The documents that Plaintiff proposes to file under seal in his Administrative Motion (ECF No. 244) satisfy both the first and second prong under Ninth Circuit law: (1) Plaintiff has narrowly tailored his request to seal documents or redacted portions of documents which are "privileged or protectable as a trade secret or otherwise entitled to protection under the law" and (2) there are "compelling reasons" for Safeway to not want this sensitive business information released to competitors or to the public.

**1.      Business Strategy and Performance Documents**

"A trade secret is generally defined as information that (1) derives independent economic value from not being generally known to the public, and (2) is the subject of efforts to maintain its secrecy." *La. Pac. Corp. v. James Hardie Bldg. Prods.*, 2013 U.S. Dist. LEXIS 94875, at *6 (N.D. Cal. July 8, 2013) (citing 18 U.S.C. § 1839(3); Cal. Civ. Code § 3426.1(d)). Documents dealing with a party's internal business strategy and financial performance assessment are treated

as protected trade secrets for the purposes of a sealing motion. *See In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 2013 U.S. Dist. LEXIS 68611, at *12 (N.D. Cal. May 13, 2013) (sealing document that was "marked confidential," and which "reveal[ed] the internal strategy and decision making process" where "disclosure could harm [the requesting party's] competitive standing"); *Apple, Inc. v. Samsung Elecs. Co.*, 2012 U.S. Dist. LEXIS 30562, at *2 (N.D. Cal. Mar. 6, 2012) (sealing "confidential business and marketing strategy," which "was created at a significant cost to [the requesting party], and could be used by [the requesting party's] competitors to its disadvantage, particularly because it discusses [the requesting party's] customers"); *Muench Photography, Inc. v. Pearson Educ., Inc.*, 2013 U.S. Dist. LEXIS 115847, at *11-12 (N.D. Cal. Aug. 15, 2013) (sealing document which contained information relating to requesting party's "product development efforts and business strategies to competitors," when "competitors could use these strategies themselves—strategies that [the requesting party] spent significant resources to create").

The Manning Declaration discusses confidential customer transaction data. *See* ECF No. 244-19. Exhibit B, C, D, E and F to the Mathews Declaration (ECF No. 244-8 to 244-17) reflect highly sensitive financial and performance information that is not generally known or shared outside of Safeway. *See* Blackman Decl., ¶¶8. This information is sealable under Civil Local Rule 79-5 as protectable trade secret and confidential business information.

**2.     There Are Compelling Reasons For Sealing This Evidence**

There are also "compelling reasons" to seal this information. *Gaudin*, 2013 U.S. Dist. LEXIS 82059, at *5. In the first instance, Safeway takes steps to ensure all of this information is kept from the public. Blackman Decl., ¶5; *see also* ECF Nos. 172-1, ¶5 and 179, ¶5. Beyond this, the information is commercially sensitive and highly valuable to Safeway and has not previously been disclosed. Should information regarding Safeway's financial performance, for instance, become available to Safeway's competitors, such competitors could use the information to undercut Safeway, predict future strategies, or re-structure their pricing methodologies in a way that would be harmful to Safeway's profitability. *See* Blackman Decl., ¶¶5, 10, ECF Nos. 172-1, ¶¶5, 7 and 179, ¶¶5, 7; *see also Stanislaus Food Prods. Co.*, 2012 U.S. Dist. LEXIS 176346, at *6.

- 4 -

# I. CONCLUSION

For the reasons set forth above, in the McCready Declarations (ECF Nos. 172- and 179) and in the accompanying Blackman Declaration, Safeway respectfully requests that the Court grant Plaintiff's Administrative Motion to Seal the redacted portions of his Opposition, the Manning Declaration and Exhibits B, C, D, E and F to the Mathews Declaration.

Dated: March 27, 2015  SHEPPARD MULLIN RICHTER & HAMPTON LLP

By  */s/ Brian R. Blackman*
BRIAN R. BLACKMAN
Attorneys for Defendant
SAFEWAY INC.