SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
P. CRAIG CARDON, Cal. Bar No. 168646
ccardon@sheppardmullin.com
BRIAN R. BLACKMAN, Cal. Bar No. 196996
bblackman@sheppardmullin.com
JAY T. RAMSEY, Cal. Bar No. 273160
jramsey@sheppardmullin.com
4 Embarcadero Center, 17th Floor
San Francisco, California 94111-4109
Telephone:  415-434-9100
Facsimile:   415-434-3947

Attorneys for Defendant
SAFEWAY INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RODMAN on behalf of himself and all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAFEWAY, INC.,<br><br>Defendant. | Case No.: 3:11-cv-03003 JST (JCS)<br><br>**NOTICE OF MOTION AND MOTION TO CERTIFY FOR IMMEDIATE APPEAL AMENDED ORDER GRANTING PARTIAL SUMMARY JUDGMENT TO PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  May 21, 2015<br>Time:  2:00 p.m.<br>Place:  Courtroom 9<br><br>Honorable Jon S. Tigar |

| | |
|---|---|
| 1 | TO THE ABOVE-CAPTIONED COURT AND TO THE PLAINTIFF AND CLASS AND THEIR COUNSEL OF RECORD: |
| 2 | |
| 3 | PLEASE TAKE NOTICE that on May 21, 2015, at 2:00 p.m., or as soon thereafter as counsel may be heard in Courtroom 9 of the above-entitled Court, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, California, 94102, the Honorable Jon S. Tigar presiding, defendant Safeway Inc. will and hereby does move, pursuant to 28 U.S.C. § 1292(b), for an order amending the Court's amended order entered on February 12, 2015 (Dkt. 237), to certify that order for immediate appeal to the U.S. Court of Appeals for the Ninth Circuit. |

TO THE ABOVE-CAPTIONED COURT AND TO THE PLAINTIFF AND CLASS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on May 21, 2015, at 2:00 p.m., or as soon thereafter as counsel may be heard in Courtroom 9 of the above-entitled Court, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, California, 94102, the Honorable Jon S. Tigar presiding, defendant Safeway Inc. will and hereby does move, pursuant to 28 U.S.C. § 1292(b), for an order amending the Court's amended order entered on February 12, 2015 (Dkt. 237), to certify that order for immediate appeal to the U.S. Court of Appeals for the Ninth Circuit.

Safeway Inc. makes this motion on the ground that this Court's February 12, 2015 amended order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the amended order may materially advance the ultimate termination of the litigation. This motion is based upon this Notice of Motion and Motion, Memorandum of Points and Authorities, and all other pleadings, papers, records and documentary materials on file or deemed to be on file in this action, those matters of which this Court may take judicial notice, and upon the oral arguments of counsel made at the hearing on this motion.

DATED:  April 8, 2015

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By:           */s/ Brian R. Blackman*
P. CRAIG CARDON
BRIAN R. BLACKMAN
Attorneys for Defendant SAFEWAY INC.

– 1 –

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................... 1

II. BACKGROUND ....................................................................................................... 2

III. ARGUMENT ............................................................................................................. 4

    A. The Amended Order Granting Partial Summary Judgment To Plaintiff Involves A Controlling Question Of Law ................................... 4

    B. There Is A Substantial Ground For Difference Of Opinion On The Controlling Question of Law Presented In The Amended Order ........................................................................................................ 5

    C. An Immediate Appeal From The Amended Order May Materially Advance The Ultimate Termination Of The Litigation ................................................................................................... 9

IV. CONCLUSION ....................................................................................................... 11

V. PROPOSED ORDER .............................................................................................. 11

# TABLE OF AUTHORITIES

Page

**Cases**

*Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.*,
  116 Cal. App. 4th 1375 (2004) ................................................................................. 8

*Association of Irritated Residents v. Fred Schakel Dairy*,
  634 F. Supp. 2d 1081 (E.D. Cal. 2008) ................................................................ 4, 5

*In re Cement Antitrust Litigation*,
  673 F.2d 1020 (9th Cir. 1982) .................................................................................. 4

*Dalie v. Pulte Home Corp.*,
  636 F. Supp. 2d 1025 (E.D. Cal. 2009) ..................................................................... 9

*Douglas v. United States District Court for the
  Central District of California*,
  495 F.3d 1062 (9th Cir. 2007) ....................................................................... 6, 7, 8, 9

*In re Hawker Beechcraft, Inc.*,
  No. 12-11873, 2013 WL 2663193 (S.D.N.Y. Bankr. June 13, 2013) ....................... 8

*Hoffman v. Citibank (South Dakota), N.A.*,
  546 F.3d 1078 (9th Cir. 2008) .................................................................................. 9

*Ingle v. Circuit City Stores, Inc.*,
  328 F.3d 1165 (9th Cir. 2003) .................................................................................. 7

*Nguyen v. Barnes & Noble Inc.*,
  763 F.3d 1171 (9th Cir. 2014) .................................................................................. 6

*PDC Labs., Inc. v. Hach Co.*,
  No. 09-1110, 2009 WL 2605270 (C.D. Ill. Aug. 25, 2009) ..................................... 6

*Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC*,
  55 Cal. 4th 223 (2012) ............................................................................................. 9

*Reese v. BP Exploration (Alaska) Inc.*,
  643 F.3d 681 (9th Cir. 2011) ................................................................................ 4, 5

*Rivera v. NIBCO, Inc.*,
  364 F.3d 1057 (9th Cir. 2004) .................................................................................. 4

– iii –

*United States v. Real Property and Improvements Located at 2441 Mission Street, San Francisco, California*,
  No. C 13-2062, 2014 WL 1350914 (N.D. Cal. Apr. 4, 2014) .................................. 4

*Wal-Mart Stores, Inc. v. Dukes*,
  131 S. Ct. 2541 (2011) ..................................................................................... 9

**Statutes**

28 U.S.C. § 1292(b) ....................................................................... 1, 4, 9, 11

**Rules**

L.R. 7-2(c) ................................................................................................ 11

**Other Authorities**

Rest. (2d) Contracts § 31 ............................................................................ 7, 8

## I. INTRODUCTION

As the Court is aware, plaintiff Michael Rodman sued Safeway Inc. on behalf of a nationwide class of Safeway customers who purchased groceries online after April 12, 2010. Safeway made online ordering available to customers under "Special Terms" to which customers agreed during their registration—the process during which customers created user accounts and provided their address to Safeway. The Special Terms provided that each online order constituted a separate agreement for the purchase and delivery of groceries, and that customers were responsible for reviewing the Special Terms then in effect before submitting an online order to Safeway.

In its amended order granting partial summary judgment to plaintiff (Dkt. 237), this Court declined to give effect to the above-referenced terms. It observed that the imposition of such an "onerous requirement on consumers would be particularly lopsided," given that Safeway knows whether or not it has changed the Special Terms and could notify customers of changes through other means. Having declined to give effect to the provision that required customers to review terms before submitting an order, the Court did not consider whether a reasonable juror could infer assent to revised terms where a customer promises to review terms before submitting an order and then submits an order. It ruled instead that Safeway had failed to give notice that it had revised the Special Terms, such that customers' assent to the revised Special Terms could not be inferred based on their continued use of the safeway.com website.

This Court should amend its amended order to certify it for immediate appeal under 28 U.S.C. § 1292(b). Whether a provision that requires a customer to review terms is unconscionable (as this Court effectively held) is a controlling question of law as to which there is substantial ground for difference of opinion, and certifying the amended order for immediate appeal so that the Ninth Circuit may resolve that legal issue would materially advance the ultimate termination of the litigation.

## II. BACKGROUND

The parties filed cross-motions for partial summary judgment in July 2014. Safeway showed that it had revised its Special Terms on November 15, 2011, to provide that "online and physical stores prices, promotions and offers may differ, and prices in your online store may differ depending on your geographic location." Safeway Mem., at 23:21-22 (Dkt. 174). Plaintiff argued that neither he nor any other class member had assented to the revised Special Terms. He argued that a provision obliging customers to review the Special Terms before submitting an order was unconscionable. *See* Pl. Opp. to MSJ, at 19:24-21:3 (Dkt. 187).

At the hearing on the cross-motions, the Court indicated that it was keenly interested in the parties' argument on the issue of unconscionability. *See* Nov. 13, 2014 Hearing Tr., at 6:11-7:25 ("biggest thing in my mind"); *see also id.* at 29:3-6, 49:9-17, 53:9-13, 56:13-22 (Dkt. 219). The Court thereafter requested additional briefing on the issue of unconscionability (Dkt. 200), and the parties exchanged post-argument memoranda and replies devoted to the issue (Dkt. 205, 206, 210, 211).

In December 2014, the Court issued its order granting partial summary judgment to plaintiff. The Court noted that the parties had presented differing versions of the Special Terms, but concluded that it did not need to resolve that dispute because the class was entitled to summary judgment in connection with purchases made after November 15, 2011, even if Safeway's version of the Special Terms were the operative version before then. Order, at 14:23-15:3 (Dkt. 223). The Court reasoned that a person cannot assent to unknown future terms. *Id.* at 15:17-20. The Court also acknowledged another possibility: that customers promised to review the Special Terms before submitting each order. *Id.* at 15:20-22, 18:2-3.

The Court explained that "Safeway has attempted to impose that obligation [to review terms] onto customers via a contractual term[.]" *Id.* at 18:2-3. And it then explained why it would not give effect to that term: "If the Court gave that term effect, then every individual consumer would be expected to scrutinize the Special

– 2 –

Terms every time she seeks to purchase groceries from safeway.com." *Id.* at 18:4-5. Giving effect to that term would "seriously compromise the convenience that makes online shopping a desirable alternative to in-store experience." *Id.* at 18:6-7. The imposition of "such an onerous requirement on consumers would be particularly lopsided," the Court ruled. *Id.* at 18:13-16. The Court did not use the word "unconscionable" in its order, however, or conduct a traditional analysis of procedural and substantive unconscionability.

Safeway moved for reconsideration of this aspect of the Court's summary judgment order, among others (Dkt. 226), arguing that the Court had not cited any controlling authority in its ruling and that it should not have dismissed the Special Terms' provision requiring customers to review terms in effect at the time of the transaction before submitting an order. Safeway there also noted that the Court did not address the issue of unconscionability in its order, even as it "dismisse[d] enforcement of this particular aspect of the Special Terms." Safeway Mem., at 4:22-5:5 (Dkt. 226).

On January 28, 2015, this Court heard argument on the motion for reconsideration and, that same day, entered a scheduling order providing for briefing on class decertification, summary judgment on damages, and for mediation of the parties' claims (Dkt. 233). On February 12, this Court denied the motion for reconsideration with respect to the issue noted above, but granted it in other respects (Dkt. 236) and issued an amended order granting partial summary judgment to plaintiff (Dkt. 237). On April 7, the parties proceeded to mediation in accordance with the Court's amended scheduling order (Dkt. 246). Having been unable to reach an agreement during mediation on April 7, Safeway now respectfully submits this motion to amend the Court's February 12 amended order for immediate appeal. In this memorandum, we discuss the Court's decision declining to give effect to the Special Terms' provision obliging customers to review terms as an unconscionability

– 3 –

ruling, and explain why that decision warrants immediate review under 28 U.S.C. section 1292(b).

### III.   ARGUMENT

A district judge may certify an order as appropriate for immediate appeal whenever the judge is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order. *Id.*; *see Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (entertaining appeal).

**A.   The Amended Order Granting Partial Summary Judgment To Plaintiff Involves A Controlling Question Of Law**

An issue is "controlling" if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982). A court's order may do so in a material way even if it does not dispose of the entire case. *See Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1062-63 (9th Cir. 2004); *United States v. Real Property and Improvements Located at 2441 Mission Street, San Francisco, California*, No. C 13-2062, 2014 WL 1350914, at *3 (N.D. Cal. Apr. 4, 2014); *Association of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1093 (E.D. Cal. 2008).

Here, that aspect of this Court's order granting partial summary judgment to plaintiff on the effect of the November 2011 change in the Special Terms involves a controlling question of law: whether the provision that required customers to review terms is unconscionable. The correct resolution of that issue is crucial to the outcome of this litigation. If customers made a valid promise to review terms before submitting an order, the Court should not presume that the customers breached that promise and did *not* review the terms. At a minimum, a reasonable juror could infer

that a customer who promised to review relevant terms complied with that promise and manifested assent to those terms by submitting an online order.

The resolution of this issue in Safeway's favor would materially affect the scope of Safeway's liability. If customers' promise to review those terms is valid (not unconscionable), Safeway has no liability in this action for orders placed after November 15, 2011. Such a ruling would eliminate about two-thirds to three-fourths of the class claims against Safeway, which are based on online purchases made on or after April 12, 2010 and through June 20, 2014, when this Court's class notice actually or constructively notified class members that Safeway does not offer parity as between online and physical-store prices. (The Court has not yet determined whether the class notice cut off Safeway's liability.) Although a fraction of the class claims against Safeway might remain, the resolution of this issue would be controlling as to the remainder and thus would materially affect the outcome of this litigation. *See Association of Irritated Residents*, 634 F. Supp. 2d at 1088 (certifying order that would affect "one third of the outcome of the entire litigation").

## B. There Is A Substantial Ground For Difference Of Opinion On The Controlling Question of Law Presented In The Amended Order

"A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution[.]" *Reese*, 643 F.3d at 688. Novel legal issues often divide reasonable jurists. *See id.* ("courts traditionally will find that a substantial ground for difference of opinion exists where ... novel and difficult questions of first impression are presented" (quotation marks and brackets omitted)). The question presented in that aspect of the amended order involving the November 2011 revisions to the Special Terms is novel: neither the Court nor the parties have identified a reported decision addressing the narrow question of whether a contract term is unconscionable because it requires customers to review and assent to terms before submitting an order. *See* Nov. 13, 2014 Hearing Tr., at 29:3-10, 55:25-57:1 (Dkt. 219).

1   This Court relied on *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171 (9th Cir.
2   2014), and *Douglas v. United States District Court for the Central District of*
3   *California*, 495 F.3d 1062 (9th Cir. 2007). *See* Am. Order, at 16:3-19:1. Neither
4   decision, however, decided whether a contract provision that imposes a duty on
5   customers to review a contract was unconscionable—or considered a contract that
6   included such a provision at all. To be sure, *Nguyen* states that "'the onus must be on
7   website owners to put users on notice of the terms to which they wish to bind
8   consumers.'" Am. Order, at 17:13-14 (quoting *Nguyen*). But this statement must be
9   read in context. Specifically, *Nguyen*'s holding applies "where a website makes its
10  terms of use available via a conspicuous hyperlink on every page of the website but
11  otherwise provides *no* notice to users *nor prompts them to take any affirmative action*
12  *to demonstrate assent*." *Id.* at 1178-79 (emphasis added). Here, the Special Terms
13  not only prompted but *required* customers to take affirmative action to demonstrate
14  assent: they had to read the Special Terms before submitting an order and manifested
15  assent by submitting the order.

16  *Nguyen* itself recognized that a requirement or reminder to review terms before
17  submitting an order is critical. In distinguishing a district court opinion (*PDC Labs.,*
18  *Inc. v. Hach Co.*), *Nguyen* emphasized the fact that "the final checkout screen" in
19  *PDC Labs.* stated: "*Review terms*, add any comments, and submit order." *Id.* at 1178
20  (quotation marks omitted, emphasis *Nguyen*'s). Here, instead of reminding the
21  customer to "review terms" at checkout, Safeway's Special Terms *required* the
22  customer to "review terms" before submitting an order. Thus, this case is less like
23  *Nguyen* and more like *PDC Labs.*, which held that inclusion of terms at issue in the
24  parties' contract there was *not* procedurally unconscionable. *See* No. 09-1110, 2009
25  WL 2605270, at *3 (C.D. Ill. Aug. 25, 2009); *Nguyen*, 763 F.3d at 1178 ("*PDC* is
26  dissimilar in that the final screen on that website contained the phrase 'Review
27  terms.'"). The Ninth Circuit's tacit endorsement of *PDC Labs.* affirmatively
28  demonstrates that it has *not* resolved the question presented in this case.

– 6 –

1       Similarly, the Ninth Circuit's opinion in *Douglas* considered "whether a service provider may change the terms of its service contract by merely posting a revised contract on its website." 495 F.3d at 1065. In that context, the court observed that "[p]arties to a contract have no obligation to check the terms on a periodic basis to learn whether they have been changed by the other side," *id.* at 1066, *i.e.*, the law does not imply that obligation if the parties did not include it in their written agreement. But what if the contract *does* expressly require a customer to check the terms of his or her agreement before submitting an order? *Douglas* is silent as to whether such a contract would be unconscionable, which is the question presented here.

      The cases cited in the parties' supplemental briefing on the issue of unconscionability did not conclusively resolve the question. Plaintiff relied on cases holding that a provision that affords the drafter unilateral authority to terminate or modify the contract is substantively unconscionable. *See* Pl.'s Reply to Safeway's Supp. Mem., at 4:8-5:2 (Dkt. 210) (citing, *e.g.*, *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1179 (9th Cir. 2003)). But the Special Terms did not grant Safeway unilateral authority to modify a contract. Rather, the parties specified the manner in which they would form a series of agreements to purchase specific groceries for delivery at specified prices. "An offer may propose the formation of a single contract by a single acceptance or the formation of a number of contracts by successive acceptances from time to time." Rest. (2d) Contracts § 31. As Safeway has shown, "each new order creates a new contract." Safeway Opp. to Pl.'s MSJ, at 18:10-11 (Dkt. 183); *see also* Safeway MSJ Mem. at 22:20-21 (Dkt. 174).

      The Special Terms provided the overarching framework under which customers entered into a contract for groceries. The Special Terms provided:

> By submitting a completed order form, you offer to purchase, pursuant to these Terms and Conditions and the order form, the groceries and other Items (collectively, 'Product') you select and submit to Safeway.com

– 7 –

> ('Safeway') for purchase via the order form.  Safeway may accept your offer by sending you an electronic confirmation that your order has been received and accepted.  It shall be in Safeway's discretion to accept or reject your offer.  If Safeway accepts your offer, these Terms and Conditions and the order form collectively constitute a legal agreement between Safeway and you governing your purchase of the Product from Safeway over the Safeway.com online shopping experience.

Blackman Decl., Ex. 9 (Dkt. 177-1).

Thus, the Special Terms provided and contemplated that the parties would enter into "a number of contracts" [Rest. (2d) Contracts § 31] and that the Special Terms and the order form taken together would jointly constitute the terms of those separate contracts.  The parties' intent to enter into separate agreements with respect to each order, as clearly expressed in writing, is controlling. *See Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co.*, 116 Cal. App. 4th 1375, 1390 (2004) ("in both their words and conduct, the parties established a periodic procedure for the performance of their respective obligations"); *In re Hawker Beechcraft, Inc.*, No. 12-11873, 2013 WL 2663193, at *7 (S.D.N.Y. Bankr. June 13, 2013) (relying on "parties' intent to treat the Purchase Orders as separate contracts").  Therefore, the question is not whether Safeway could unilaterally modify a contract for the purchase of groceries, but whether a contracting framework that requires customers to review terms before entering into individual order agreements is unconscionable.

Reasonable jurists may disagree about the resolution of the controlling question of law presented here because the doctrine of unconscionability is inherently subjective and thus unpredictable when applied in novel circumstances.  The Ninth Circuit observed in *Douglas* that, without notice, checking the contract at issue there for possible changes "would be fairly cumbersome."  495 F.3d at 1066 n.1.  But

– 8 –

1  Douglas was a subscriber to a service contract who had authorized AOL to charge his
2  credit card, "so he had no occasion to visit [defendant's] website." *Id.* at 1066. By
3  contrast, Safeway customers enter into discrete contracts for groceries; they are not
4  monthly subscribers to a service. Moreover, "fairly cumbersome" is not the standard
5  that the Ninth Circuit would apply in deciding whether the Special Terms were
6  unconscionable. The court would determine whether a disputed term was "so one-
7  sided as to shock the conscience." *Pinnacle Museum Tower Assn. v. Pinnacle Market*
8  *Development (US), LLC*, 55 Cal. 4th 223, 246 (2012) (quotation marks omitted).

9        This Court set aside what it considered to be an "onerous" and "particularly
10 lopsided" provision requiring customers to review terms before submitting orders in
11 this case. Am. Order, at 18:7-27. Rational jurists may disagree; the doctrine of
12 unconscionability is strong medicine that courts generally endeavor to avoid because
13 judicial intervention in private contracts disrupts settled expectations with respect to a
14 the contract at issue and destabilizes commercial relations more generally. Especially
15 in the absence of precedent on point, there is substantial ground for difference of
16 opinion as to whether a contractual provision that merely requires a customer to
17 review a contract before he places an order is unconscionable. *Cf. Hoffman v.*
18 *Citibank (South Dakota), N.A.*, 546 F.3d 1078, 1080 (9th Cir. 2008) (entertaining
19 interlocutory appeal under 28 U.S.C. § 1292(b) concerning enforceability of
20 arbitration agreement); *Dalie v. Pulte Home Corp.*, 636 F. Supp. 2d 1025, 1028-30
21 (E.D. Cal. 2009) (finding substantial grounds for difference of opinion even where
22 numerous courts had considered whether a class action waiver provision was
23 unconscionable).

24 **C.  An Immediate Appeal From The Amended Order May Materially
25      Advance The Ultimate Termination Of The Litigation**

26       An immediate appeal would materially advance the ultimate termination of this
27 litigation because it would obviate the need to litigate many of Safeway's affirmative
28 defenses. Safeway has a right to present affirmative defenses at trial. *Wal-Mart*

– 9 –

1  *Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2561 (2011).  If compelled to try this case as a
2  class action, Safeway will present evidence and call witnesses to testify at trial about
3  events that took place after November 15, 2011.  If the Ninth Circuit rules that assent
4  may be inferred based on a customer's valid promise to review terms, however,
5  Safeway would not need to present affirmative defenses against customers who claim
6  damages in connection with orders submitted after that date because such a ruling
7  would indisputably cut off Safeway's contract liability as to those orders.  Certifying
8  the amended order granting partial summary judgment for immediate appeal would
9  therefore save considerable time and expense—the time and expense of presenting
10 affirmative defenses that may be unnecessary as to customers who submitted orders
11 after November 15, 2011.

12      Plaintiff will likely argue that an immediate appeal would not save any time or
13 money because a dispute remains as to whether class members agreed at registration
14 to Safeway's version of the Special Terms it proffered during the summary judgment
15 proceedings or plaintiff's version of those Terms.  Safeway does not agree.

16      The two versions differed in that, as the Court stated, the "version submitted by
17 Plaintiff states that registrants 'agree to these Terms and Conditions, and the form in
18 which they appear *at the time your online registration is completed*,' while
19 Defendant's version states that the registrant agrees to the terms 'and the form in
20 which they appear *at the time your online transaction is processed*.'"  Am. Order, at
21 14:11-14 (emphasis in order).  While Safeway's version makes customers' obligations
22 even clearer than plaintiff's version, the difference between these two is ultimately
23 immaterial.  So long as the terms providing that each online order constitutes a
24 separate agreement and requiring customers to review the Special Terms before
25 submitting an online order are valid, not unconscionable, the revised Special Terms
26 superseded the terms and the form in which they appeared at the time of online
27 registration.

28

Accordingly, the Ninth Circuit's ruling in Safeway's favor in an immediate appeal from this Court's amended order would greatly reduce the need for trial proceedings on Safeway's affirmative defenses—regardless of which version the jury might ultimately select as operative during a particular timeframe. In that regard, an immediate appeal would materially advance the ultimate resolution of the litigation.

## IV. CONCLUSION

This Court should amend its February 12, 2015 amended order (Dkt. 237) to certify it for an immediate appeal to the Ninth Circuit, as set forth below.

## V. PROPOSED ORDER

The Local Civil Rules for the Northern District of California provide that "[u]nless excused by the Judge who will hear the motion, each motion must be accompanied by a proposed order." L.R. 7-2(c). Under 28 U.S.C. § 1292(b), if this Court certifies an order for immediate appeal, it must state the requisite findings "in such order"—the order to be certified for immediate appeal. To certify the amended order (Dkt. 237) for immediate appeal, this Court should re-issue that order and add the following text at the beginning or end of the order:

**Certification for Immediate Appeal under 28 U.S.C. § 1292(b)**

I find that this order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

DATED: April 8, 2015

                SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


                By: _____*/s/ Brian R. Blackman*_____
                    P. CRAIG CARDON
                    BRIAN R. BLACKMAN
               Attorneys for Defendant SAFEWAY INC.