UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RODMAN,<br><br>Plaintiff,<br><br>v.<br><br>SAFEWAY INC.,<br><br>Defendant. | Case No. 11-cv-03003-JST<br><br>**ORDER DENYING CERTIFICATION FOR INTERLOCUTORY APPEAL**<br><br>Re: ECF No. 251 |

Defendant Safeway Inc. has moved pursuant to 28 U.S.C. §1292(b) to seek interlocutory appeal of a legal issue this court resolved in its December 10, 2014 summary judgment order, ECF No. 223, as amended in the Court's February 12, 2015 order at ECF No. 237.  For the reasons set forth below, the Court will deny the motion.

I. **BACKGROUND**

A. **Factual and Procedural Background**

Plaintiff Michael Rodman brings this certified class action on behalf of "[a]ll persons in the United States who: (1) registered to purchase groceries through Safeway.com at any time prior to November 15, 2011, and (2) purchased groceries at any time through Safeway.com that were subject to the price markup implemented on or about April 12, 2010." ECF No. 163.  The Special Terms class members agreed to at registration "promise[d] that, with the exception of the actually disclosed special charges and delivery fees, the prices charged for Safeway.com products will be those charged in the physical store where the groceries are delivered." ECF No. 237 at 13.  The Court concluded, following cross-motions for partial summary judgment, that Safeway breached its contract with class members because it "actually marked up the charges for the in-store prices beyond the disclosed delivery and special charges." Id.

Relevant for the purposes of the present motion, the Court concluded that class members

could "recover damages for purchases they made after the Special Terms were amended in November 15, 2011." Id. Although Safeway amended the Special Terms on that date to make clear that products were not priced the same online as in the physical store, Safeway did not provide any notice of the change to the Special Terms to class members who had registered prior to that date.

Safeway argued that such notice was not required because, at the time they agreed to the Special Terms, class members agreed to whatever Special Terms appeared on the website at the time class members made subsequent purchases. Id. at 15-18. The Court disagreed, holding that the "agreement did not give Safeway the power to bind its customers to unknown future contract terms, because consumers cannot assent to terms that do not yet exist." Id. at 15. Even reading the agreement as requiring "a customer [] to read the terms and conditions every time she makes a purchase on the website in the future," the Court concluded that "assent to the revised Terms cannot be inferred from [a class member's] continued use of Safeway.com" after the November 15, 2011 change to the Special Terms" because class members "were never given notice that the Special Terms had been altered." Id. at 15-16. In reaching this conclusion, the Court relied on Ninth Circuit precedent holding that "the onus must be on website owners to put users on notice of the terms to which they wish to bind consumers." Id. at 18 (citing Nguyen v. Barnes & Noble, Inc., 763 F.3d 1171 at 1179 (9th Cir. 2014)).

### B.  Jurisdiction

This Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) & (6), the Class Action Fairness Act of 2005 ("CAFA"), since there are 100 or more Proposed Class Members, the amount in controversy exceeds $5,000,000, and at least one plaintiff and defendant are citizens of different states.

### C.  Legal Standard

The final judgment rule ordinarily provides that courts of appeal shall have jurisdiction only over "final decisions of the district courts of the United States. 28 U.S.C. § 1291. However, "[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which

there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." 28 U.S.C. § 1292(b). "The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order." Id. "Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met." Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010).

## II.  ANALYSIS

### A.  Controlling Question of Law

"[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." In re Cement Antitrust Litig. (MDL No. 296), 673 F.2d 1020, 1026 (9th Cir. 1981). The Ninth Circuit has observed that "the legislative history of 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." Id. at 1026.

Before assessing whether the present certification motion presents a "controlling question of law," the Court must clarify the question presented. In its briefing, Safeway repeatedly mischaracterizes the portion of this Court's order that held that the November 2011 revisions to the Special Terms were not effective as to class members. Safeway states that the controlling question of law that it seeks to appeal is "[w]hether a provision that requires a customer to review terms is unconscionable." ECF No. 251 at 1; see also ECF No. 256 at 1 (characterizing the dispute as "whether a contract provision that requires a customer to review the terms of the parties' agreement before submitting an order is unconscionable."). But the Court's summary judgment order did not hold that such a term was unconscionable; indeed, the Court's summary judgment order does not even include the word "unconscionable." See generally ECF No. 237.[1]

---

[1] Safeway correctly notes that the Court requested supplemental briefing on the issue of unconscionability following the hearing on the cross-motions for partial summary judgment. ECF No. 200. Ultimately, however, the Court's order did not reach the issue.

Rather, the Court's order explained that, because class members were not provided with notice that the Special Terms had changed in November 2011, the "changes represent an offer to which the class members never expressed assent, and class members were therefore not bound by those changes." Id. at 15; see also id. at 18 (stating that because Safeway had not notified class members of the changes to the Special Terms, "assent to the revised Special Terms cannot be inferred from Class Members' continued use of Safeway.com following November 15, 2011").

Having properly clarified the controlling question of law presented by the Court's order, the Court concludes that the question of assent does not present the type of "exceptional situation[] in which allowing an interlocutory appeal would avoid protracted and expensive litigation." Cement Antitrust Litig. at 1026. Although the question is a legal one, it is not controlling, as the resolution of this question will not "save time for the district court, and time and expense for the litigants." See 16 Wright, Miller & Cooper, Fed. Prac. & Proc. (Juris.) § 3930 (3d ed.) (citing cases). Safeway does not seek interlocutory appeal of the portion of the Court's summary judgment order holding Safeway liable for breaching the Special Terms by charging different prices online than in the physical store; it only seeks review of the damages question of whether it *remained* liable for breach after changing the Special Terms without notice to class members. Therefore, a reversal would only affect the total amount of damages to be paid to class members, an issue which this Court has not yet resolved. Appellate review of this issue would benefit from a fully developed record, including this Court's rulings on the legal effect of Safeway's affirmative defenses against damages.

The question of whether the November 15, 2011 alterations were effective without notice to class members is thus not a controlling question of law within the meaning of Section 1292(b).

### B. Substantial Ground for a Difference of Opinion

"To determine if a 'substantial ground for difference of opinion' exists under Section 1292(b), courts must examine to what extent the controlling law is unclear." Couch, 611 F.3d at 633. "That settled law might be applied differently does not establish a substantial ground for difference of opinion." Id. at 633. "Courts traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of

4

appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" Id. (quoting 3 Federal Procedure, Lawyers Edition § 3:212 (2010) (footnotes omitted)).

The Court acknowledges that the court of appeals of this circuit has not spoken directly on the issue of online website-registration contracts that purport to bind website users to any future changes made to the contract without notice. Nonetheless, the Court's order reasoned that the court of appeals would likely conclude alterations to the contract were ineffective without notice to users given settled law, particularly the Ninth Circuit's admonition that "the onus must be on website owners to put users on notice of the terms to which they wish to bind consumers." ECF No. 237 at 18 (citing Nguyen, 763 F.3d at 1179). Safeway has failed to identify a decision to the contrary, either in this circuit or any other.

Safeway argues that the Ninth Circuit's Nguyen decision endorsed PDC Labs., Inc. v. Hach Co., No. 09-1110, 2009 WL 2605270 (C.D. Ill. Aug. 25, 2009), an unpublished Central District of Illinois decision. The Nguyen court indeed noted the PDC decision, which held that "blue contrasting hyperlinks" to a website's terms of service located on three pages of its online order process were sufficiently conspicuous to alert a customer to the terms governing the contract. Nguyen, 763 F.3d at 1178. But the Nguyen court held that PDC was distinguishable from the facts at hand because "the final screen on that website contained the phrase 'Review terms.'" Id. Moreover, the court observed that the PDC decision was framed as an unconscionability holding, "further distinguish[ing] it" from the court's holding that the plaintiff in Nguyen had not assented to the contract's terms because he lacked notice. Id.

Similarly here, PDC does not present a substantial ground for difference of opinion from the Court's holding because the Court's holding was not based upon the grounds of procedural unconscionability but, like Nguyen, was based on the grounds that class members' assent to contract terms cannot be inferred in the absence of notice of those terms. PDC's facts are also highly distinguishable, as PDC did not involve the alteration of pre-existing contract terms without notice to or assent from the offeree.

### C. Material Advancement of the Litigation

"[N]either § 1292(b)'s literal text nor controlling precedent requires that the interlocutory appeal have a final, dispositive effect on the litigation, only that it 'may materially advance' the litigation." Reese v. BP Exploration (Alaska) Inc., 643 F.3d 681, 688 (9th Cir. 2011). "[T]he considerations of this factor overlap significantly with the first one," whether the issue presents a controlling question of law. Rollins v. Dignity Health, No. 13-CV-01450-TEH, 2014 WL 6693891, at *4 (N.D. Cal. Nov. 26, 2014)

The Court concludes that immediate review will not materially advance the litigation. Granting Safeway's request for interlocutory appeal would needlessly protract litigation that is drawing to a close. It is unlikely the Ninth Circuit would be able to rule on the appeal prior to the remaining dates currently set in this litigation. The Court is not inclined to stay these dates to await a Ninth Circuit ruling on an issue that can be raised just as easily in an appeal from the final judgment. Indeed, given the procedural posture of the case, it would be more efficient and less expensive to the parties to take appeal of the Court's final judgment, where they are free to challenge all aspects of the Court's rulings, rather than seeking interlocutory appeal of just one portion of one of the Court's orders at this time.

### CONCLUSION

The Court hereby denies Safeway's request for certification for interlocutory appeal.

IT IS SO ORDERED.

Dated: June 20, 2015

_____
JON S. TIGAR
United States District Judge