UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RODMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>SAFEWAY, INC.,<br><br>    Defendant. | Case No. 11-cv-03003-JST<br><br>**ORDER GRANTING SAFEWAY'S MOTION IN LIMINE NO. 3 TO EXCLUDE THE TESTIMONY OF ERIC FALSKEN**<br><br>Re: Dkt. No. 335 |

Now before the Court is Defendant Safeway, Inc.'s motion in limine to exclude the testimony of witness Eric Falsken. ECF No. 335. The Court will grant the motion.

## I. BACKGROUND

This is a consumer class action about Safeway's online grocery delivery business, which operates through the Safeway.com website. ECF No. 1. The case concerns Safeway's online grocery delivery business, which operates through the Safeway.com website. Plaintiff alleges in his complaint that Safeway promised Safeway.com customers that they would pay the same prices online that Safeway charged in its physical stores, but that in fact Safeway marked up its online prices without telling its online customers. Plaintiff filed his lawsuit on June 17, 2011.

The parties' allegations and defenses are set forth in several other prior Court orders. In those orders, the Court certified a class of Safeway.com customers; entered summary judgment in favor of Plaintiff and the class regarding liability with regard to class members who registered with Safeway.com on or after January 1, 2006; and entered summary judgment in Plaintiff's favor regarding damages during the same period. The Court denied summary judgment to Plaintiff with regard to class members who registered prior to January 1, 2006, finding that disputes of material fact remained concerning whether "class members who registered prior to 2006 ever assented to

[the] Special Terms" promising price parity between the online and physical stores. ECF No. 331 at 28. Trial with regard to Safeway's liability, if any, for the pre-2006 period is scheduled to begin on October 7, 2015.

Of relevance to this motion, prior to 2006, Safeway participated in a joint venture called GroceryWorks that operated the online portion of Safeway's business. Safeway owned part of GroceryWorks, but it was a separate entity from Safeway. ECF No. 273 at 4:8-10.

On August 20, 2015, Plaintiff submitted a declaration from Eric Falsken in support of Plaintiff's motion for summary judgment as to the period before 2006. ECF No. 325. The declaration was filed late, coming almost three weeks after the Court had taken the motion under submission after hearing. In it, Falsken stated that he was employed by GroceryWorks from November 2001 to September 2002 as a software engineer, and that he wrote code related to the user registration process for Safeway.com. ECF No. 325-2. He further stated that the code as written required Safeway.com registrants to agree to certain "Terms and Conditions" before being accepted by Safeway. Id. His declaration does not address whether registrants were required to agree to the "Special Terms" at issue in this case, or whether the "Terms and Conditions" to which he refers were the same as those "Special Terms."

Falsken is not alleged ever to have worked directly for Safeway. In its motion to exclude Falsken's testimony, and in its prior opposition to Plaintiff's motion to permit the late filing of Falsken's declaration in connection with the pending summary judgment motions,[1] Safeway states without contradiction that it has no record of Falsken or his work, and that the Plaintiff's submission of Falsken's declaration was the first time Safeway became aware of Falsken's existence. The only justification Plaintiff gave for his delay in providing this evidence was that Plaintiff's counsel did not "intensif[y] preparations for possible trial . . . including internet search for potential rebuttal and/or impeachment evidence with respect all currently-unresolved issues" until after the summary judgment hearing. ECF No. 325 at 2. It appears that Plaintiff located

---

[1] The Court denied Plaintiff's motion to submit Falsken's untimely declaration in support of its summary judgment motion, but left for another day whether Falsken would be permitted to testify at trial. ECF No. 331 at 29 n.14.

2

1   Falsken by using an online search engine that he could have used at any time. ECF 344 at 2:4-7

2   ("In preparing for a trial concerning pre-2006 issues, including seeking to identify potential

3   rebuttal and/or impeachment evidence available online, Plaintiff's counsel located the LinkedIn

4   webpage of Eric Falsken, which listed him as a former Software Engineer for GroceryWorks from

5   November 2001 through September 2002.").

6   The discovery deadline for summary judgment related discovery passed on June 23, 2014.

7   ECF No. 169 at 2.

## II.  ANALYSIS

Federal Rule of Civil Procedure 26(a)(1) requires a party to identify, without waiting for a discovery request, the identity of all potential witnesses and the purposes for which they may be called. Rule 26(e)(1) further provides that a party has a duty to supplement its earlier disclosures when they are incorrect or incomplete. When a party "fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness . . . at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. Proc. 37(c)(1).

"Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." Lanard Toys Ltd. v. Novelty, Inc., 375 F. App'x 705, 713 (9th Cir. 2010). The burden to prove harmlessness is on the party facing sanctions. Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir. 2001).

The Court finds that Plaintiff's late disclosure was not substantially justified. "Substantial justification is justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." Hewitt v. Liberty Mut. Grp., Inc., 268 F.R.D. 681, 682 (M.D. Fla. 2010) (internal quotation marks omitted). Here, no one suggests that there was a legitimate dispute concerning Plaintiff's discovery obligations, Liew v. Breen, 640 F.2d 1046, 1050 (9th Cir. 1981), or any other impediment to

1    Plaintiff's having disclosed Felsken earlier, had Plaintiff timely searched for the information. The
2    case has been pending for four years.

3        The Court next turns to the question of whether the late disclosure was harmless. First, the
4    Court concludes that there will be "prejudice or surprise" to Safeway if Felsken is allowed to
5    testify. Discovery is closed; the parties' pretrial disclosures have all been filed; and trial is
6    scheduled to begin in a few weeks. Safeway has been deprived of the opportunity to prepare for
7    trial by deposing Falsken, evaluating his testimony, gathering responsive evidence, and filing
8    motions concerning Falsken's testimony. That prejudices Safeway. Garcia v. Qwest Corp., No.
9    CV-07-999-PHX-LOA, 2008 WL 4531657, at *5 (D. Ariz. Oct. 3, 2008); Elliott v. United Parcel
10   Serv., Inc., No. C07-05453 RBL, 2009 WL 213004, at *2 (W.D. Wash. Jan. 28, 2009); Jones v.
11   Frazesn, No. 2:07-CV-02758 RCT, 2009 WL 3254905, at *2 (E.D. Cal. Oct. 8, 2009).

12       Next, the Court concludes that Plaintiff cannot cure that prejudice. Plaintiff argues that
13   there is still enough time for Safeway to take Falsken's deposition, but that is unlikely to be the
14   end of Safeway's need to respond. If the deposition goes forward, Safeway will likely ask to take
15   other formal and informal discovery to respond to Falsken's testimony. It is very unlikely that this
16   work could be completed and incorporated into the parties' pretrial preparations quickly enough to
17   begin trial on October 7, 2015, as currently scheduled.

18       For similar reasons, the Court also concludes that the likelihood of disruption of the trial, if
19   the Court were to allow Falsken's testimony, is high. Safeway has stated its intention to seek not
20   only the right to fully investigate the new evidence, but to meet it with additional evidence. ECF
21   No. 335 at 3. This will disrupt the trial schedule to the prejudice of both Defendant and the
22   Court. "Disruption to the schedule of the court and other parties in that manner is not harmless.
23   Courts set such schedules to permit the court and the parties to deal with cases in a thorough and
24   orderly manner, and they must be allowed to enforce them, unless there are good reasons not to."
25   Wong v. Regents of Univ. of California, 410 F.3d 1052, 1062 (9th Cir. 2005).

26       Lastly, the Court concludes that Plaintiff's conduct was willful. The Ninth Circuit "has
27   stated that 'disobedient conduct not shown to be outside the control of the litigant' is all that is
28   required to demonstrate willfulness, bad faith, or fault." Henry v. Gill Indus., Inc., 983 F.2d 943,

1  948 (9th Cir. 1993) (quoting Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1341 (9th

2  Cir. 1985)).  Plaintiff may argue that its failure to discover Falsken's identity earlier was the result

3  of simple negligence, not a calculated attempt to deprive Safeway of relevant evidence, but

4  "[i]nadvertent mistakes and unintentional oversights are not substantial justifications for delay."

5  Baltodano v. Wal-Mart Stores, Inc., No. 2:10-CV-2062-JCM-RJJ, 2011 WL 3859724, at *2 (D.

6  Nev. Aug. 31, 2011).

7       In Baltodano, Plaintiff's counsel failed to provide a complete and accurate estimate of the

8  future medical damages suffered by Plaintiff until after the expert disclosure deadline had passed.

9  Id. at *3.  There was no evidence that counsel had affirmatively intended to frustrate defendant,

10  merely that "while he had intended to [provide a complete estimate] at the outset of discovery," he

11  failed to do so "despite having had nearly the entire discovery period within which to gather such

12  evidence."  Id. at *4.  The court concluded that counsel's failure was willful.  Id.  Here, the

13  evidence concerning Falsken was available to Plaintiff at any time he chose to look for it.  It was

14  available before the Rule 26 disclosure deadline; indeed, it was available before Plaintiff filed his

15  complaint.  Plaintiff simply did not look in time.  The Court concludes that the failure to disclose

16  Falsken was willful.

17       The Court recognizes that Falsken's testimony is important, perhaps even central, to

18  Plaintiff's claim that Safeway required assent to the Special Terms prior to January 1, 2006, and

19  that exclusion of this evidence will have a serious negative impact on Plaintiff's claim.

20  Nonetheless, where late discovery has seriously prejudiced the Court and parties without

21  substantial justification, "discovery sanctions can be appropriate even where they preclude 'a

22  litigant's entire cause of action or defense.'"  Jarritos, Inc. v. Reyes, 345 F. App'x 215, 217 (9th

23  Cir. 2009) (quoting Yeti, 259 F.3d at 1106).

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

**CONCLUSION**

For all the foregoing reasons, the Court concludes that Plaintiff's failure timely to disclose Eric Falsken was neither substantially justified nor harmless. Safeway's motion in limine to exclude Falsken's testimony is granted.

IT IS SO ORDERED.

Dated: September 11, 2015

_____
JON S. TIGAR
United States District Judge