UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL RODMAN,

    Plaintiff,

v.

SAFEWAY INC.,

    Defendant.

Case No. 11-cv-03003-JST

**ORDER**

Re: ECF No. 371

This is a further order regarding defendant Safeway, Inc.'s recent late production of documents. See ECF No. 373. The parties previously filed a joint letter brief, requesting competing forms of relief related to Safeway's late disclosure. ECF No. 371. The Court has already ruled on the disputed issue of a trial continuance, determining that a continuance was necessary to allow the parties to conduct additional discovery related to the late-produced documents, incorporate that discovery into their trial presentations, and present any disputes related to this newly-acquired information to the Court before jury selection. ECF No. 373.

Turning to the parties' remaining disputes, the Court now rules as follows:

1. The parties have agreed to further depositions of Mr. Guthrie and Mr. Hensley, but disagree as to the scope. The Court orders that either party may inquire at deposition regarding the newly produced documents; any additional documents or evidence produced between September 29, 2015 and the date of the deposition; and the effect of those documents or evidence on the witness' prior written or oral testimony or Safeway's or the witness's discovery responses as they relate to Topics 5, 6(b), 6(d), and 6(e) of the Revised Notice of Rule 30(b)(6) Deposition which is Plaintiff's Trial Exhibit 105.

2. The Court will defer any questions regarding the authenticity and admissibility of the ten newly-produced documents, as well as any other subsequently produced evidence, until the

further pre-trial conference on November 30, 2015.

3. Regarding the additional search from the "legacy computer drive," by October 8, 2015, the parties shall either notify the Court that they have agreed on a search protocol or submit competing search protocols in the form of competing draft orders.

4. The Court notes that the parties have agreed that Safeway will review its prior discovery responses and either supplement these responses in light of the newly produced documents or confirm that Safeway has determined that no such supplementation is necessary. Likewise, the parties have agreed that Mr. Guthrie will review his prior declarations and either supplement these declarations in light of the newly produced documents or confirm that he has determined that no such supplementation is necessary. The parties should set a deadline for the completion of this task by October 8, 2015 and confirm the deadline with each other in writing. It is not necessary to file such agreement with the Court. If they cannot agree on a deadline, they should submit competing proposed orders to the Court by October 8.

5. The Court notes that the parties have agreed that Plaintiff may present testimony at trial from the new witnesses reflected in the newly-produced documents and/or underlying metadata (including Mr. Warr, Mr. Hoopes, Mr. Tobin, Mr. Lillard, and Mr. Nathan), as well as any other witnesses whose identity is revealed through subsequent discovery. The Court does not adopt Plaintiff's proposed limitation regarding the scope of Safeway's presentation of new testimony from these witnesses. See ECF No. 371 at 11. Either side may present any evidence, favorable or unfavorable, that he or it gathers during the court-ordered period of discovery.

6. The Court finds that Mr. Falsken should now be permitted to testify at trial. The Court's previous order granting Safeway's Motion in Limine No. 3 to exclude testimony from Falsken relied in part on the Court's conclusion that Safeway would be incurably prejudiced if the Court permitted Falsken to testify because insufficient time remained for Safeway to take Falsken's deposition. ECF No. 354 at 4. Now that trial has been re-calendared for December 7, 2015, Safeway can take Falsken's deposition and conduct other formal and informal discovery to respond to Falsken's testimony. The Court also considers that the existence of a new period of court-ordered discovery was caused by Safeway's late production of material evidence.

7. The Court denies Plaintiff's unopposed request to file a renewed motion for summary judgment. Plaintiff previously filed a second summary judgment motion regarding Safeway's liability to class members who registered to shop in the online store prior to 2006 without first seeking leave of the Court, which the Court nonetheless considered. ECF No. 331 at 26–27. Plaintiff has already used up more than his allotment of the Court's summary judgment resources. Moreover, given that the taking of evidence at trial will not last more than two days, permitting another motion for summary judgment is not the most efficient use of the parties' or the Court's resources, particularly since the parties and the Court will still be left with a trial if the motion is denied.

8. The Court notes that Safeway has agreed to provide Plaintiff with additional metadata relating to the newly-discovered documents that may be on the "legacy" server. Safeway has also agreed to provide Plaintiff with the dates on which Mr. Guthrie located the newly-discovered documents. ECF No. 371 at 17. The parties should set a deadline for the completion of these tasks by October 8, 2015 and confirm the deadline with each other in writing. It is not necessary to file such agreement with the Court. If they cannot agree on a deadline, they should submit competing proposed orders to the Court by October 8.

IT IS SO ORDERED.

Dated: October 2, 2015

_____
JON S. TIGAR
United States District Judge