SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
JAMES C. SHAH (SBN 260435)
ROSE F. LUZON (SBN 221544)
401 West A Street, Suite 2350
San Diego, CA 92101
Telephone: (619) 235-2416
Facsimile: (866) 300-7367
jshah@sfmslaw.com
rluzon@sfmslaw.com

CHIMICLES & TIKELLIS, LLP
STEVEN A. SCHWARTZ (pro hac vice)
TIMOTHY N. MATHEWS (pro hac vice)
361 West Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500
Facsimile: (610) 649-3633
SteveSchwartz@chimicles.com
TimothyMathews@chimicles.com

Attorneys for Plaintiff and on Behalf
of All Others Similarly Situated

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL RODMAN, On Behalf Of Himself and All Others Similarly Situated,<br><br>                    Plaintiff,<br>          vs.<br>SAFEWAY, INC.,<br><br>                    Defendant. | Case No.: 3:11-cv-03003 JST (JCS)<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION RE SEALING OF DOCUMENTS PURSUANT TO CIV. L.R. 7-11 AND 79-5 [FOR PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS]**<br><br>Date:  June 16, 2016<br>Time:  2:00 p.m.<br>Crtrm.: 9 – 19th Floor<br>Trial Date: October 5, 2015<br>Judge: Hon. Jon S. Tigar<br><br>Complaint filed: June 17, 2011 |

Plaintiff, Michael Rodman ("Plaintiff"), hereby submits this Administrative Motion Pursuant to Civil Local Rules 7-11 and 79-5, the Court's Standing Order Governing Administrative Motions to File Under Seal ("Standing Order"), and the Stipulated Protective Order ("Protective Order") entered by the Court on August 6, 2012 in connection with PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS.  Pursuant to Civil Local Rule 79-5(d) and this Court's Standing Order, Plaintiff has: (1) reviewed and complied with the Court's Standing Order, and (2) reviewed and complied with Civil Local Rule 79-5.

Plaintiff identifies the following documents from the Declaration of Steven A. Schwartz in Support of Plaintiff's Motion for Discovery Sanctions that he proposes to be sealed:

- Ex. 2 (entire document) – This exhibit references material(s) that Defendant, Safeway Inc. ("Safeway") marked "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.
- Ex. 3 (entire document) – This exhibit references material(s) that Defendant, Safeway Inc. ("Safeway") marked "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.
- Ex. 4 (entire document) – This exhibit contains information that Safeway marked "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.
- Ex. 5 (entire document) – This exhibit contains information that Safeway marked "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.
- Ex. 7 (entire document) – This exhibit contains information that Safeway marked "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.
- Ex. 8 (entire document) – This exhibit contains information that Safeway marked "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.

- Ex. 9 (entire document) – This exhibit contains information that Safeway marked "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.
- Ex. 10 (entire document) – This exhibit contains information that Safeway marked "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.
- Ex. 11 (entire document) – This exhibit contains information that Safeway marked "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.
- Ex. 12 (entire document) – This exhibit contains information that Safeway marked "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.
- Ex. 13 (entire document) – This exhibit contains information that Safeway marked "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.
- Ex. 14 (entire document) – This exhibit contains information that Safeway marked "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.
- Ex. 15 (entire document) – This exhibit contains information that Safeway marked "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.
- Ex. 16 (entire document) – This exhibit contains information that Safeway marked "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.
- Ex. 17 (entire document) – This exhibit contains information that Safeway marked "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.

- Ex. 19 (entire document) – This exhibit contains information that Safeway marked "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.
- Ex. 21 (entire document) – This exhibit references material(s) that Safeway marked "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.
- Ex. 23 (entire document) – This exhibit contains information that Safeway marked "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.
- Ex. 24 (entire document) – This exhibit contains information that Safeway marked "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.
- Ex. 27 (entire document) – This exhibit contains information that Safeway marked "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.
- Ex. 28 (entire document) – This exhibit contains information that Safeway marked "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.
- Ex. 29 (entire document) – This exhibit contains information that Safeway marked "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.
- Ex. 30 (entire document) – This exhibit contains information that Safeway marked "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.
- Ex. 32 (entire document) – This exhibit contains detailed billing information/entries of Plaintiff's counsel that Plaintiff marked as "Highly Confidential-Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.  Plaintiff has consulted with counsel for Safeway, who have confirmed that Safeway does not

oppose Plaintiff's request to seals his counsel's time records.  Such sealing is legally appropriate and authorized.  *See In re: Cathode Ray Tube (Crt) Antitrust Litig*., No. 1917, 2016 WL 1072097, at *3 (N.D. Cal. Mar. 17, 2016, J. Tigar) (approving of *in camera* review of billing records and filing of the same under seal).

- Ex. 33 (entire document) – This exhibit contains detailed billing information/entries of Plaintiff's counsel that Plaintiff marked as "Highly Confidential-Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.  Plaintiff has consulted with counsel for Safeway, who have confirmed that Safeway does not oppose Plaintiff's request to seals his counsel's time records.  Such sealing is legally appropriate and authorized.  *See In re: Cathode Ray Tube (Crt) Antitrust Litig*., No. 1917, 2016 WL 1072097, at *3 (N.D. Cal. Mar. 17, 2016, J. Tigar) (approving of *in camera* review of billing records and filing of the same under seal).

- Ex. 34 (entire document) – This exhibit contains detailed billing information/entries of Plaintiff's counsel that Plaintiff marked as "Highly Confidential-Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.  Plaintiff has consulted with counsel for Safeway, who have confirmed that Safeway does not oppose Plaintiff's request to seals his counsel's time records.  Such sealing is legally appropriate and authorized.  *See In re: Cathode Ray Tube (Crt) Antitrust Litig*., No. 1917, 2016 WL 1072097, at *3 (N.D. Cal. Mar. 17, 2016, J. Tigar) (approving of *in camera* review of billing records and filing of the same under seal).

- Ex. 35 (entire document) – This exhibit contains detailed billing information/entries of Plaintiff's counsel that Plaintiff marked as "Highly Confidential-Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.  Plaintiff has consulted with counsel for Safeway, who have confirmed that Safeway does not oppose Plaintiff's request to seals his counsel's time records.  Such sealing is legally appropriate and authorized.  *See In re: Cathode Ray Tube (Crt) Antitrust Litig*., No. 1917, 2016 WL 1072097, at *3 (N.D. Cal. Mar. 17, 2016, J. Tigar) (approving of *in camera* review of billing records and filing of the same under seal).

- Ex. 36 (entire document) – This exhibit contains detailed billing information/entries of Plaintiff's counsel that Plaintiff marked as "Highly Confidential-Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.  Plaintiff has consulted with counsel for Safeway, who have confirmed that Safeway does not oppose Plaintiff's request to seals his counsel's time records.  Such sealing is legally appropriate and authorized.  *See In re: Cathode Ray Tube (Crt) Antitrust Litig.*, No. 1917, 2016 WL 1072097, at *3 (N.D. Cal. Mar. 17, 2016, J. Tigar) (approving of *in camera* review of billing records and filing of the same under seal).

Plaintiff identifies the following documents from the Declaration of James C. Shah in Support of Plaintiff's Motion for Discovery Sanctions that he proposes to be sealed:

- Ex. 2 (entire document) – This exhibit contains detailed billing information/entries of Plaintiff's counsel that Plaintiff marked as "Highly Confidential-Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.  Plaintiff has consulted with counsel for Safeway, who have confirmed that Safeway does not oppose Plaintiff's request to seals his counsel's time records.  Such sealing is legally appropriate and authorized.  *See In re: Cathode Ray Tube (Crt) Antitrust Litig.*, No. 1917, 2016 WL 1072097, at *3 (N.D. Cal. Mar. 17, 2016, J. Tigar) (approving of *in camera* review of billing records and filing of the same under seal).

- Ex. 3 (entire document) – This exhibit contains detailed billing information/entries of Plaintiff's counsel that Plaintiff marked as "Highly Confidential-Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.  Plaintiff has consulted with counsel for Safeway, who have confirmed that Safeway does not oppose Plaintiff's request to seals his counsel's time records.  Such sealing is legally appropriate and authorized.  *See In re: Cathode Ray Tube (Crt) Antitrust Litig.*, No. 1917, 2016 WL 1072097, at *3 (N.D. Cal. Mar. 17, 2016, J. Tigar) (approving of *in camera* review of billing records and filing of the same under seal).

- Ex. 4 (entire document) – This exhibit contains detailed billing information/entries of Plaintiff's counsel that Plaintiff marked as "Highly Confidential-Attorneys' Eyes

Only," pursuant to the Stipulated Protective Order, Dkt. No. 57. Plaintiff has consulted with counsel for Safeway, who have confirmed that Safeway does not oppose Plaintiff's request to seals his counsel's time records. Such sealing is legally appropriate and authorized. *See In re: Cathode Ray Tube (Crt) Antitrust Litig.*, No. 1917, 2016 WL 1072097, at *3 (N.D. Cal. Mar. 17, 2016, J. Tigar) (approving of *in camera* review of billing records and filing of the same under seal).

In addition, Plaintiff states that no person or entity other than Safeway and Plaintiff, both ECF filers, has designated any documents sought to be sealed as confidential. As such, Plaintiff has not served the instant motion on any non-party or any party not registered for ECF.

Pursuant to Civil Local Rule 79-5(d), Safeway may file a motion to seal and a declaration explaining why it believes the designated information is, in fact, confidential and sealable. In the event that Safeway fails to file a responsive declaration and motion as required within four (4) days after the conditionally sealed document is lodged with the Court, pursuant to Civil Local Rule 79-5(d), the documents should be unsealed, filed, and made part of the public record.

This application is also based on the material set forth in the Declaration of Timothy N. Mathews and the Proposed Order filed concurrently herewith.

Dated: April 6, 2016               SHEPHERD, FINKELMAN, MILLER
                                   & SHAH, LLP


                               BY:    /s/James C. Shah
                                      James C. Shah (SBN 260435)
                                      Rose F. Luzon (SBN 221544)
                                      SHEPHERD, FINKELMAN, MILLER &
                                      SHAH, LLP
                                      401 West A Street, Suite 2350
                                      San Diego, CA  92101
                                      Telephone: (619) 235-2416
                                      Facsimile: (866) 300-7367
                                      jshah@sfmslaw.com
                                      rluzon@sfmslaw.com

                                      Steven A. Schwartz (*pro hac vice*)
                                      Timothy N. Mathews (*pro hac vice*)
                                      CHIMICLES & TIKELLIS, LLP
                                      361 West Lancaster Avenue

|   |   |
|---|---|
| 1 | Haverford, PA 19041 |
| 2 | Telephone: (610) 642-8500 |
|   | Facsimile: (610) 649-3633 |
| 3 | SteveSchwartz@chimicles.com |
|   | TimothyMathews@chimicles.com |

Scott R. Shepherd (*pro hac vice*)
SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
35 E. State Street
Media, PA  19063
Telephone: (610) 891-9880
Facsimile: (866) 300-7367
sshepherd@sfmslaw.com

*Attorneys for Plaintiff and the Class*