1  SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
2  JAMES C. SHAH (SBN 260435)
   ROSE F. LUZON (SBN 221544)
3  401 West A Street, Suite 2350
   San Diego, CA 92101
4  Telephone: (619) 235-2416
5  Facsimile: (866) 300-7367
   jshah@sfmslaw.com
6  rluzon@sfmslaw.com

7  CHIMICLES & TIKELLIS, LLP
8  STEVEN A. SCHWARTZ (*pro hac vice*)
   TIMOTHY N. MATHEWS (*pro hac vice*)
9  361 West Lancaster Avenue
   Haverford, PA 19041
10 Telephone: (610) 642-8500
11 Facsimile: (610) 649-3633
   SteveSchwartz@chimicles.com
12 TimothyMathews@chimicles.com

13 *Attorneys for Plaintiff and on Behalf*
14 *of All Others Similarly Situated*

15              **IN THE UNITED STATES DISTRICT COURT**

16           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

17 MICHAEL RODMAN, On Behalf Of Himself          Case No. 3:11-CV-03003-JST (JCS)
   and All Others Similarly Situated,
18                                               **DECLARATION OF TIMOTHY N.**
                                                 **MATHEWS IN SUPPORT OF**
19             Plaintiff,                        **PLAINTIFF'S ADMINISTRATIVE**
                                                 **MOTION RE SEALING OF**
20             v.                                **DOCUMENTS PURSUANT TO CIV.**
                                                 **L.R. 7-11 AND 79-5 [FOR PLAINTIFF'S**
21 SAFEWAY INC.,                                 **MOTION FOR DISCOVERY**
                                                 **SANCTIONS]**
22             Defendant.
23                                               Date:  June 16, 2016
24                                               Time:  2:00 p.m.
                                                 Crtrm.: 9 – 19th Floor
25                                               Trial Date: October 5, 2015
                                                 Judge: Hon.  Jon S. Tigar
26                                               Complaint filed: June 17, 2011

27

28

I, Timothy N. Mathews, declare as follows:

1.    I am an attorney authorized to practice before this Court.  I am a partner with the law firm, CHIMICLES & TIKELLIS LLP, counsel for Plaintiff, Michael Rodman ("Plaintiff"), in this action against Defendant Safeway, Inc. ("Defendant").  I have personal knowledge of the matters stated herein and, if called upon, I could and would testify thereto.

2.    I make this declaration in connection with Plaintiff's Administrative Motion Regarding Sealing Of Documents Pursuant To Civil Local Rules 7-11 and 79-5 ("Administrative Motion").

3.    On August 6, 2012, the Court entered the Stipulated Protective Order ("Protective Order") in this action (Dkt. No. 57).  Under the Protective Order, the parties may designate certain documents as "Confidential" and "Highly Confidential – Attorneys' Eyes Only," in order to restrict their dissemination and disclosure.  Under the Protective Order, any party who contends that the information is entitled to protection must request an order sealing the information, and Local Civil Rule 79-5(d) also requires such party to file with the Court a declaration establishing that the designated information is, in fact, confidential and sealable within four (4) days after the conditionally sealed document is lodged.  In the event that a party fails to file a responsive declaration and request to seal within four (4) days after the conditionally sealed document is lodged with the Court, documents should be unsealed, filed, and made part of the public record.

4.    Plaintiff's Motion for Discovery Sanctions ("Motion") includes information and/or documents which Defendant and Plaintiff have designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order.  No person or entity other than Safeway and Plaintiff has designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" any information or documents contained in Plaintiff's Motion or exhibits thereto.

5.    The documents proposed for sealing from the Declaration of Steven A. Schwartz in Support of Plaintiff's Motion for Discovery Sanctions pursuant to Safeway's "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation are as follows:

- 1 -

- Ex. 2 (entire document) – This exhibit references material(s) that Defendant, Safeway Inc. ("Safeway") marked "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.

- Ex. 3 (entire document) – This exhibit references material(s) that Defendant, Safeway Inc. ("Safeway") marked "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.

- Ex. 4 (entire document) – This exhibit contains information that Safeway marked "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.

- Ex. 5 (entire document) – This exhibit contains information that Safeway marked "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.

- Ex. 7 (entire document) – This exhibit contains information that Safeway marked "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.

- Ex. 8 (entire document) – This exhibit contains information that Safeway marked "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.

- Ex. 9 (entire document) – This exhibit contains information that Safeway marked "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.

- Ex. 10 (entire document) – This exhibit contains information that Safeway marked "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.

- Ex. 11 (entire document) – This exhibit contains information that Safeway marked "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.

- Ex. 12 (entire document) – This exhibit contains information that Safeway marked "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.

- Ex. 13 (entire document) – This exhibit contains information that Safeway marked "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.

- Ex. 14 (entire document) – This exhibit contains information that Safeway marked "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.

- Ex. 15 (entire document) – This exhibit contains information that Safeway marked "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.

- Ex. 16 (entire document) – This exhibit contains information that Safeway marked "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.

- Ex. 17 (entire document) – This exhibit contains information that Safeway marked "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.

- Ex. 19 (entire document) – This exhibit contains information that Safeway marked "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.

- Ex. 21 (entire document) – This exhibit references material(s) that Defendant, Safeway Inc. ("Safeway") marked "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.

- Ex. 23 (entire document) – This exhibit contains information that Safeway marked "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.

- Ex. 24 (entire document) – This exhibit contains information that Safeway marked "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.

- Ex. 27 (entire document) – This exhibit contains information that Safeway marked "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.

- Ex. 28 (entire document) – This exhibit contains information that Safeway marked "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.

- Ex. 29 (entire document) – This exhibit contains information that Safeway marked "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.

- Ex. 30 (entire document) – This exhibit contains information that Safeway marked "Highly Confidential – Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.

- Ex. 32 (entire document) – This exhibit contains detailed billing information/entries of Plaintiff's counsel that Plaintiff marked as "Highly Confidential-Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.  Plaintiff has consulted with counsel for Safeway, who have confirmed that Safeway does not oppose Plaintiff's request to seals his counsel's time records.  Such sealing is legally appropriate and authorized.  *See In re: Cathode Ray Tube (Crt) Antitrust Litig*., No. 1917, 2016 WL 1072097, at *3 (N.D. Cal. Mar. 17, 2016, J. Tigar) (approving of *in camera* review of billing records and filing of the same under seal).

- Ex. 33 (entire document) – This exhibit contains detailed billing information/entries of Plaintiff's counsel that Plaintiff marked as "Highly Confidential-Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.  Plaintiff has consulted with counsel for Safeway, who have confirmed that Safeway does not oppose Plaintiff's request to seals his counsel's time records.  Such sealing is legally

appropriate and authorized.  *See In re: Cathode Ray Tube (Crt) Antitrust Litig*., No. 1917, 2016 WL 1072097, at *3 (N.D. Cal. Mar. 17, 2016, J. Tigar) (approving of *in camera* review of billing records and filing of the same under seal).

- Ex. 34 (entire document) – This exhibit contains detailed billing information/entries of Plaintiff's counsel that Plaintiff marked as "Highly Confidential-Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.  Plaintiff has consulted with counsel for Safeway, who have confirmed that Safeway does not oppose Plaintiff's request to seals his counsel's time records.  Such sealing is legally appropriate and authorized.  *See In re: Cathode Ray Tube (Crt) Antitrust Litig*., No. 1917, 2016 WL 1072097, at *3 (N.D. Cal. Mar. 17, 2016, J. Tigar) (approving of *in camera* review of billing records and filing of the same under seal).

- Ex. 35 (entire document) – This exhibit contains detailed billing information/entries of Plaintiff's counsel that Plaintiff marked as "Highly Confidential-Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.  Plaintiff has consulted with counsel for Safeway, who have confirmed that Safeway does not oppose Plaintiff's request to seals his counsel's time records.  Such sealing is legally appropriate and authorized.  *See In re: Cathode Ray Tube (Crt) Antitrust Litig*., No. 1917, 2016 WL 1072097, at *3 (N.D. Cal. Mar. 17, 2016, J. Tigar) (approving of *in camera* review of billing records and filing of the same under seal).

- Ex. 36 (entire document) – This exhibit contains detailed billing information/entries of Plaintiff's counsel that Plaintiff marked as "Highly Confidential-Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.  Plaintiff has consulted with counsel for Safeway, who have confirmed that Safeway does not oppose Plaintiff's request to seals his counsel's time records.  Such sealing is legally appropriate and authorized.  *See In re: Cathode Ray Tube (Crt) Antitrust Litig*., No. 1917, 2016 WL 1072097, at *3 (N.D. Cal. Mar. 17, 2016, J. Tigar) (approving of *in camera* review of billing records and filing of the same under seal).

- 5 -

6.      The documents proposed for sealing from the Declaration of James C. Shah in Support of Plaintiff's Motion for Discovery Sanctions pursuant to Plaintiff's "Highly Confidential – Attorneys' Eyes Only" designation are as follows:

- Ex. 2 (entire document) – This exhibit contains detailed billing entries of Plaintiff's counsel that Plaintiff marked as "Highly Confidential-Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.  Plaintiff has consulted with counsel for Safeway, who have confirmed that Safeway does not oppose Plaintiff's request to seals his counsel's time records.  Such sealing is legally appropriate and authorized. *See In re: Cathode Ray Tube (Crt) Antitrust Litig.*, No. 1917, 2016 WL 1072097, at *3 (N.D. Cal. Mar. 17, 2016, J. Tigar) (approving of *in camera* review of billing records and filing of the same under seal).

- Ex. 3 (entire document) – This exhibit contains detailed billing entries of Plaintiff's counsel that Plaintiff marked as "Highly Confidential-Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.  Plaintiff has consulted with counsel for Safeway, who have confirmed that Safeway does not oppose Plaintiff's request to seals his counsel's time records.  Such sealing is legally appropriate and authorized. *See In re: Cathode Ray Tube (Crt) Antitrust Litig.*, No. 1917, 2016 WL 1072097, at *3 (N.D. Cal. Mar. 17, 2016, J. Tigar) (approving of *in camera* review of billing records and filing of the same under seal).

- Ex. 4 (entire document) – This exhibit contains detailed billing entries of Plaintiff's counsel that Plaintiff marked as "Highly Confidential-Attorneys' Eyes Only," pursuant to the Stipulated Protective Order, Dkt. No. 57.  Plaintiff has consulted with counsel for Safeway, who have confirmed that Safeway does not oppose Plaintiff's request to seals his counsel's time records.  Such sealing is legally appropriate and authorized. *See In re: Cathode Ray Tube (Crt) Antitrust Litig.*, No. 1917, 2016 WL 1072097, at *3 (N.D. Cal. Mar. 17, 2016, J. Tigar) (approving of *in camera* review of billing records and filing of the same under seal).

1    I declare under penalty of perjury that the foregoing is true and correct.  Executed this 6th

2   day of April 2016, in Haverford, PA.

3                                                  /s/ Timothy N. Mathews
                                                   _____
4                                                  Timothy N. Mathews (*pro hac vice*)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 7 -