REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RODMAN, on behalf of himself and all others similarly situated,<br><br>               Plaintiff,<br><br>    v.<br><br>SAFEWAY, INC.,<br><br>               Defendant. | No.: CV-11-03003-JST (JCS)<br><br>**[PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S ADMINISTRATIVE MOTION RE SEALING OF DOCUMENTS PURSUANT TO CIV.L.R. 7-11 AND 79-5 [FOR PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS] (DOCKET 433)**<br><br>Date: June 16 2016<br>Time: 2:00 p.m.<br>Crtrm.: 9 – 19th Floor<br>Trial Date: October 5, 2015<br>Judge: Hon. Jon S. Tigar<br>Complaint filed: June 17, 2011 |

Plaintiff moves to file under seal numerous documents related to its Motion for Sanctions, and both parties have filed declarations in support of sealing.  [ECF No. 433; Declaration of Timothy Matthews, ECF No. 433-1; Declaration of Michael McCready ("McCready Declaration")].  Based on the motion, declarations, the record and file in this case, and good cause having been shown pursuant to Civil L.R. 79.5 for the sealing of certain materials, Plaintiff's Administrative Motion Re Sealing Of Documents Pursuant To Civ. L.R. 7-11 And 79-5 [For Plaintiff's Motion for Discovery Sanctions] is hereby **GRANTED IN PART and DENIED IN PART.**

**I. LEGAL STANDARD**

A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79-5; and (2) rebut the "a strong presumption in favor of access" that applies to all documents other than grand jury transcripts or pre-indictment warrant materials. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and internal quotation marks omitted).  With respect to the first prong, Local Rule 79-5 requires, as a threshold, a request that (1) establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law; and (2) is "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

With respect to the second prong, the showing required for overcoming the strong presumption of access depends on the type of motion to which the document is attached. When a party seeks to file materials in connection with a dispositive motion, the presumption can be overcome only if the party presents "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d 1172 at 1178-79 (internal citation omitted). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."  *Id*. at 1179.

On the other hand, when a party seeks to file materials in connection with a non-dispositive motion, the sealing party need not meet the 'compelling reasons' standard "because those documents are often unrelated, or only tangentially related, to the underlying cause of

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

action." *Id*. at 1179 (citation and internal quotation marks omitted). In that case, a party need only make a "particularized showing under the good cause standard of Rule 26(c)" to justify the sealing of the materials. *Id*. at 1180 (internal citation and internal quotation marks omitted).  A court may, for good cause, keep documents confidential "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

A district court must "articulate [the] . . . reasoning or findings underlying its decision to seal." *Apple Inc. v. Psystar Corp*., 658 F.3d 1150, 1162 (9th Cir. 2011) *cert. denied*, 132 S. Ct. 2374 (U.S. 2012).

**II. ANALYSIS**

The "good cause" standard applies to sealing papers related to Plaintiff's non-dispositive Motion for Sanctions.  [ECF No. 434].  For reasons described in the Plaintiff's motion to seal and supporting papers, and the McCready Declaration, the Court agrees that most of the materials proposed to be sealed constitute or contain valuable internal information not otherwise made available to the public regarding Safeway.com's competitively-sensitive pricing, internal business and online promotion practices and strategies, and source code, and Plaintiff's billing and detailed time entry records.  The Court further agrees with the parties that exposing such information could subject the parties to "undue burden or expense," and that such information is therefore sealable.  Fed. R. Civ. P. 26(c).

There are, however, several exhibits identified by Plaintiff as potentially containing Safeway-related confidential information that Safeway has confirmed are not, in fact, sealable or that need only be redacted to protect sealable information.  This Motion is denied as to those exhibits and portions of exhibits.  Specifically, the table below identifies the materials that shall be sealed, and the materials and information which shall not be sealed, from the Declaration of Steven A. Schwartz in Support of Plaintiff's Motion for Discovery Sanctions ("Schwartz Declaration") and from the Declaration of James C. Shah in Support of Plaintiff's Motion for Discovery Sanctions ("Shah Declaration"), all of which are attached to the supporting Declaration of Timothy N. Mathews.  This Motion is Granted in Part and Denied in Part, as follows:

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| Schwartz Declaration Exhibits | Sealed / Not Sealed |
| --- | --- |
| Exh. 2 | Granted as to Portions:  Redactions as proposed by Defendant. |
| Exh. 3 | Denied.  Not Sealed |
| Exh. 4 | Denied.  Not Sealed |
| Exh. 5 | Denied.  Not sealed |
| Exh. 7 | Granted.  Sealed in its entirety |
| Exh. 8 | Granted.  Sealed in its entirety |
| Exh. 9 | Granted.  Sealed in its entirety |
| Exh. 10 | Granted.  Sealed in its entirety |
| Exh. 11 | Granted.  Sealed in its entirety |
| Exh. 12 | Granted.  Sealed in its entirety |
| Exh. 13 | Granted.  Sealed in its entirety |
| Exh. 14 | Granted.  Sealed in its entirety |
| Exh. 15 | Denied.  Not Sealed |
| Exh. 16 | Denied.  Not Sealed |
| Exh. 17 | Denied.  Not Sealed |
| Exh. 19 | Denied.  Not Sealed |
| Exh. 21 | Denied.  Not Sealed |
| Exh. 23 | Granted.  Sealed in its entirety |
| Exh. 24 | Granted.  Sealed in its entirety |
| Exh. 27 | Granted.  Sealed in its entirety |
| Exh. 28 | Denied.  Not Sealed |
| Exh. 29 | Granted as to Portions:  Redactions as proposed by Defendant. |
| Exh. 30 | Denied.  Not Sealed |

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

[PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL

| Exh. 32 | Granted.  Sealed in its entirety |
|---------|----------------------------------|
| Exh. 33 | Granted.  Sealed in its entirety |
| Exh. 34 | Granted.  Sealed in its entirety |
| Exh. 35 | Granted.  Sealed in its entirety |
| Exh. 36 | Granted.  Sealed in its entirety |

| Shaw Declaration Exhibits | Sealed / Not Sealed |
|---------------------------|---------------------|
| Exh. 3 | Granted.  Sealed in its entirety |
| Exh. 4 | Granted.  Sealed in its entirety |
| Exh. 5 | Granted.  Sealed in its entirety |

**IT IS SO ORDERED.**

DATED:

_____
    Jon S. Tigar
    United States District Judge

REED SMITH LLP
A limited liability partnership formed in the State of Delaware